*Harry Feigelman,* special counsel, *Alexander G. Teitz,* city solicitor, for respondents.

J. Seymour Montgomery, Jr. *et al., Ex'rs vs.*
Louis P. Virgadamo *et al.,*
Assessors of Taxes of the City of Newport.

DECEMBER 29, 1950.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition which was brought under general laws 1938, chapter 31, §14, by certain executors to recover the amount of a tax heretofore paid by them under protest on the ground that such tax was illegally and unconstitutionally assessed against them. The petition was heard before a justice of the superior court sitting without a jury and he rendered a decision for the petitioners for $1,095.60, the full amount of the tax paid, with interest thereon from August 24, 1948, the date of payment, amounting in all to $1,154.26, together with costs. To such decision the respondents duly excepted and the case is now before us on such exception.

It appears from the evidence that petitioners, J. Seymour Montgomery, Jr. and Guaranty Trust Company of New York, are executors and trustees under the will of Paul Grand d'Hauteville and have duly qualified and acted as such. Paul Grand d'Hauteville died a resident of Newport in this state and on December 15, 1947 his will was admitted to probate by the probate court of that city.

At the time of the assessment of the tax in question petitioner Montgomery was a legal resident of Princeton, New Jersey, and has never been a resident of the city of Newport or of the state of Rhode Island in the usual acceptance of that term. Guaranty Trust Company of New York, the other executor and petitioner, is incorporated under the laws of the state of New York with its principal place of business in New York City. On the date of the assessment

of the disputed tax said trust company had no place of business in Rhode Island. However, under the provisions of G. L. 1938, chap. 133, §10, as amended, it had qualified to act as an executor in this state by appointing the director of business regulation its attorney for service of process upon it in such fiduciary capacity. In addition each petitioner being a nonresident was required to appoint and did appoint a resident agent for service of process in order to qualify as an executor. G. L. 1938, chap. 575, §42.

The tax involved is an assessment of $1,095.60 made by the city of Newport on June 15, 1948 in the name of Paul A. Grand d'Hauteville estate, Guaranty Trust Company of New York and J. Seymour Montgomery, Jr. executors, on intangible personal property valued at $273,900. The respondents concede that all proper steps have been taken by the petitioners to obtain the relief which they seek. On the other hand petitioners have expressly waived all questions as to the legality of the assessment on *tangible* personal property and the *amount* of the assessment on the *intangible* personal property. The sole question presented therefore is whether the disputed assessment on the intangible personal property against petitioners as executors is illegal.

The intangible personal property assessed here consisted of nonexempt securities actually held by petitioner Guaranty Trust Company of New York in its vaults in New York City. However, neither in their sworn account to the assessors nor in their payment of the tax under protest did petitioners claim exception on the ground that the physical evidences of the intangible personal property were outside the state of Rhode Island; but they relied solely on the ground that as executors they were not residents of Newport or of Rhode Island and therefore were not subject to this tax.

Petitioners contend that the assessment and levy of the tax in question were made under the purported authority of G. L. 1938, chap. 30, §9, subdiv. fifth, as amended by P. L. 1948, chap. 2132; that subdiv. fifth is not applicable

to the facts as disclosed by the evidence in the instant case; and that subdiv. sixth of that section, relied on by respondents, is not applicable because that subdivision applies only to executors and administrators whereas petitioners claim to be trustees. The pertinent provisions of subdivs. fifth and sixth of §9 read in part as follows:

"Fifth. Intangible personal property held in trust by any executor, administrator, or trustee, whether under an express or implied trust, the income of which is to be paid to any other person, shall be taxed to such executor, administrator, or trustee in the town where such other person resides; but if such other person resides out of the state, then in the town where the executor, administrator, or trustee resides * * *.

Sixth. All other intangible personal property in the hands of executors or administrators shall be taxed to them in the town where the deceased person resided, until such property shall have been distributed and some evidence of such distribution shall have been filed in probate court or notice in writing thereof given to the assessors."

Petitioners argue in support of their principal contention that, although they are named as executors and trustees in the decedent's will, they are in fact and in law *trustees* of that portion of decedent's estate held by them as executors by virtue of the provision of clause Tenth, paragraph (1) of decedent's will, which reads as follows:

"Beneficiaries of the trusts herein created shall receive the income therefrom commencing as of the date of my death, and my said executors are hereby empowered to make payments on account of income prior to the time when they have qualified as trustees or set up the said trusts hereunder. Income due life beneficiaries shall be paid to them quarter annually."

We cannot agree with such contention. The fact that the executors are authorized by the terms of a will to make payments of income to a life beneficiary, commencing with the death of the testator and continuing until the trust is actually set up, does not thereby change the executors into

trustees in the true sense of that term in contemplation of this tax statute. This is not a new or unusual power conferred solely by the will upon the executors, since such payments are expressly authorized by our statute in the absence of a contrary provision in the will. G. L. 1938, chap. 566, §37. In our judgment these payments were made under the express authorization of the will consistently with the above statute and such payments were made by petitioners as *executors* before distribution and before the testamentary trusts were set up.

Respondents contend that the disputed assessment was made under the provisions of G. L. 1938, chap. 30, §9, subdiv. sixth, quoted above. They argue that the uniform practice in this state has been to tax property to the executors until the estate has been distributed, in whole or in part, and some order of distribution allowed, or the tax assessors have been notified. Respondents further contend that no question of double taxation is involved here, since the evidence shows that no tax has been paid elsewhere and there is no intangible personal property tax in New York where the physical evidences of the intangible personal property are kept. But even if such question were involved herein, it has been held that there is no prohibition against such double taxation. *Curry v. McCanless,* 307 U. S. 357; *Graves v. Elliott,* 307 U. S. 383; *State Tax Comm'n v. Aldrich,* 316 U. S. 174.

Respondents admit that the executors have their actual residence outside the state of Rhode Island but contend that they also have an *official* residence in Rhode Island and therefore come within the explicit terms and provisions of subdiv. sixth, *supra,* and that benefits conferred by the taxing authority are sufficient justification for the imposition of a tax upon nonresident executors. We agree with the last contention. *Wisconsin v. J. C. Penney Co.,* 311 U. S. 435, 444; *State Tax Comm'n v. Aldrich, supra.*

It seems clear to us that benefits are conferred upon the executors in the instant case because they derive their

authority, powers and title through appointment by the probate court of the city of Newport. It is only by the action of that court, which allowed the will for probate and issued letters testamentary · to them, that they are executors. As such executors they are subject to its control; they must furnish bond in such sum as the probate court may require; and if they fail to give bond within thirty days after their appointment they may be adjudged to have declined the trust.

Furthermore executors, even though nonresidents in the ordinary sense, may be removed by the probate court for cause, must settle their accounts with the court which appointed them, and may be penalized if they neglect or refuse to do so. In other words, an executor is without any authority to act until appointed by the probate court and qualified under the law and thereafter is completely under the control of such court.

We agree with the respondents that for purposes of taxation these executors as such have their *official* residence in this state within the jurisdiction of the probate court which appointed them. The decedent testator was a resident of Newport and until the time of his death the situs of his intangible personal property for tax purposes was in Newport. At his death the executors, as his legal representatives, came into possession of such intangible property. The mere circumstance of their personal residence outside the state should not operate in effect to remove the testator's estate for taxation purposes from its legal situs which existed at the time of his death, in view of the fact that they had to submit themselves officially to this jurisdiction in order to be appointed executors and to obtain the right to possession of decedent's personal property and for all purposes relating to the administration of the estate.

If that were not so, a nonresident executor, although administering the estate of a resident decedent under an appointment, supervision and protection of a Rhode Island court, could remove the physical evidences of the intangible

personal property outside the jurisdiction of the court which appointed him and thereby escape *all taxation* upon such property belonging to the resident decedent's estate. We do not think that this is the policy of the state nor that such a view is required in the circumstances of this case. The established practice here for many years has been otherwise. Moreover there is ample authority elsewhere to the same effect.

In *Gallup* v. *Schmidt,* 154 Ind. 196, it was held that a resident of New Hampshire who qualified in Indiana as executor under the will of an Indiana decedent was, in his *official* capacity, a resident of the county in which the will was probated within a taxing statute requiring certain notice to persons residing within the county. In *Commonwealth* v. *Camden,* 142 Ky. 365, the court expressed the opinion that the estate of a decedent in the hands of his personal representative for settlement and before distribution is, or should be made, assessable to the personal representative at the place of his *official* residence and that this is so whether the personal representative resides in the state or out of it. In the instant case the estate was still undistributed at the time of the disputed assessment.

In *State* v. *Beardsley,* 77 Fla. 803, the court differentiated between nonresident trustees and executors for the purpose of taxation, holding the executors taxable, but not the trustees, at the domicile of the decedent. This principle of law is that an executor as such cannot be a nonresident, but is really a resident at the domicile of the decedent where he was appointed executor. Such principle is clearly expressed in *Lisbon Savings Bank & Trust Co.* v. *Moulton's Estate,* 91 N. H. 477, at page 482, as follows: "When a nonresident is appointed as a representative of an estate, he is only called in convenience a non-resident representative. This may follow as the natural thought of his primary personal status of non-residence. But misleading phraseology does not warrant its legal adoption. There is no non-residential status of a locally appointed representative of

an estate. Administrators and executors as such are to be treated in the same manner as inhabitants of the State, although their presence as persons of legal creation may coincide with that of their individual selves. Their right to determine their personal domicile is not a right to determine the state in which they belong in their representative capacities."

We are of the opinion, consistent with the principle of law laid down in the cases referred to above, that the petitioners in their official capacities as executors of a will made by a resident of and probated in the state of Rhode Island are, before distribution, residents of this state for purposes of taxation under the pertinent statute. It follows, therefore, that the tax in dispute was properly assessed against them as executors under such statute and we see no constitutional inhibition against such assessment.

The respondents' exception is sustained, and on January 10, 1951 the petitioners may appear before this court and show cause if any they have why the case should not be remitted to the superior court with direction to enter judgment for the respondents with costs.

*Swan, Keeney & Smith, Frederick W. O'Connell, Frank H. Swan, Jr.,* for petitioners.

*Harry Feigelman,* special counsel, *Alexander G. Teitz,* city solicitor, for respondents.