**Johnny WILDER, Plaintiff–Appellant,**

**Susan Chana Lask, Appellant,**

v.

**GL BUS LINES, International Bus Services, Inc. and Transport Workers Union of America, Local 225, Defendants–Appellees.**

**No. 00–9000.**

United States Court of Appeals, Second Circuit.

Argued July 13, 2001.

Decided July 26, 2001.

Susan Chana Lask, New York, NY, for Appellants.

Heather R. Boshak (Stanley L. Goodman, of counsel), Grotta, Glassman & Hoffman, P.A., Roseland, NJ, for Appellee GL Bus Lines and International Bus Services, Inc.

Malcolm A. Goldstein, O'Donnell, Schwartz, Glanstein, Rosen, Di Preta & Goldstein, LLP, New York, NY, for Appellee Transport Workers Union of America, Local 225.

Before: CABRANES, POOLER, and SACK, Circuit Judges.

PER CURIAM:

We write principally to clarify that, under Federal Rule of Civil Procedure 54(d)(1), costs are to be assessed against the losing party, not counsel for that party.

## I

We assume familiarity with the facts of this case, which are presented in detail in an opinion of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*). *See Wilder v. GL Bus Lines*, No. 99 Civ. 9992, 2000 WL 959751 (S.D.N.Y. July 11, 2000).

In November 1997, defendant GL Bus Lines ("GL") hired plaintiff Johnny Wilder to work as a bus driver on its New York University routes. At or about the time of his hiring, Wilder was given a copy of the collective bargaining agreement between GL and defendant Transport Workers Union of America, Local 225 ("Local 225"), the exclusive bargaining agent of GL bus drivers. The collective bargaining agreement governed the terms and conditions of employment with GL and provided, among other things, that all bus drivers had to comply with GL's "Drug Free Work Place Policy." Wilder testified that he was aware of GL's drug-free policy, but that he never received a pamphlet outlining the details of the policy.

In March 1999, Wilder submitted to a drug test, as part of a yearly physical required by GL. When Wilder arrived at work approximately a week later, he was informed that his urine sample had tested positive for marijuana, and that he would no longer be allowed to drive for GL.

Later that month, a hearing was held to discuss Wilder's drug-test results. The meeting was attended by, among others, Wilder, two Local 225 representatives, and GL's Human Resources Manager. At the hearing, Wilder denied using any illegal substances and claimed that the positive test result was the product of medications that he had been taking. At the end of the hearing, however, Wilder was informed that his employment at GL was terminated.

An "appeal hearing" was held in May 1999. Among those who attended were Wilder, the President of Local 225, the Secretary of Local 225, GL's Human Resources Manager, and the President of GL. Again, Wilder claimed that he had not used marijuana, and that the positive test results had been caused by his ingestion of legal medications. After the hearing, the President of GL sent a letter to the President of Local 225 and Wilder informing them that Wilder's dismissal had been upheld.

Later that month, the executive board of Local 225 convened to determine whether to submit Wilder's grievance to arbitration. At the conclusion of that meeting, the president of Local 225 successfully requested GL to extend the deadline for filing a notice of intent to arbitrate, so that he could further investigate Wilder's case. At the next regularly scheduled meeting of Local 225's executive board, the president reported the results of his investigation, which were not favorable to Wilder, and Local 225 voted not to seek arbitration of Wilder's grievance.

In September 1999, Wilder sued GL and its sister company, International Bus Services, Inc. (hereinafter, collectively referred to as "GL") for wrongful termination and breach of the collective bargaining agreement. Wilder also sued Local 225 for breach of its duty of fair representation. Defendants moved for summary judgment, as well as for attorneys' fees and costs.

The District Court granted defendants' motion for summary judgment, but denied their motion for attorneys' fees. The District Court explained that it denied attorneys' fees because it could not conclude that "plaintiff and his counsel [had] acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Wilder*, 2000 WL 959751, at *13. Nonetheless, it awarded

costs, other than attorneys' fees, to defendants under Federal Rule of Civil Procedure 54(d)(1).[1] The District Court directed that these costs be paid by Wilder's attorney—appellant Susan Lask—rather than Wilder, because, in the District Court's view, Wilder "may have been unable to judge the merits of this suit." *Wilder,* 2000 WL 959751 at *13. Both Wilder and Lask filed a timely appeal.

On appeal, Wilder argues that (1) Local 225 breached its duty of fair representation by failing to advise him of his alleged right to rehabilitation under federal law; and (2) he had a viable claim against GL because Local 225 breached this duty. Lask argues on appeal that the District Court erred in imposing costs against her personally. We write principally to address the latter argument.

## II

As a preliminary matter, we find no merit in either of Wilder's claims on appeal.

■■■ A wrongfully discharged employee may sue his employer and union for failure to exhaust remedies in a collective bargaining agreement. *See Vaca v. Sipes,* 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Yet, to prevail against either the employer or the union in such an action, a plaintiff must show that the union breached its duty of fair representation. *See DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 164–65, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *see also Young v. United States Postal Serv.,* 907 F.2d 305, 307 (2d Cir.1990) ("[T]he Union's breach is a prerequisite to consideration of the merits of plaintiff's claim against her

former employer for improper discharge.").

■■■ A union breaches its duty of fair representation only where its action "can fairly be characterized as so far outside a 'wide range of reasonableness' ... that [they are] wholly 'arbitrary, discriminatory, or in bad faith.'" *Spellacy v. Airline Pilots Ass'n-Int'l,* 156 F.3d 120, 126 (2d Cir.1998) (brackets and ellipses in original) (quoting *Air Line Pilots Ass'n v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991)). Substantially for the reasons provided in the District Court's thorough opinion, *see Wilder,* 2000 WL 959751, we cannot characterize Local 225's conduct as having been "arbitrary, discriminatory, or in bad faith." Accordingly, we hold that the District Court properly dismissed Wilder's claims against Local 225 and GL.

■■■ We conclude, however, that the District Court erred in assessing costs against Lask under Federal Rule of Civil Procedure 54(d)(1). Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.P. 54(d)(1). Such costs are to be taxed against the losing party, not counsel for that party. *See Whitfield v. Scully,* 241 F.3d 264, 269 (2d Cir.2001) ("Rule 54(d) of the Federal Rules of Civil Procedure generally governs the taxation of costs against *an unsuccessful litigant* in federal district court." (emphasis added)). Rule 54(d)(1) is phrased permissively not because it permits a court to impose costs on counsel instead of the losing party, but rather because it permits a court to refuse to impose costs on the losing party at all.

---

1. Federal Rule of Civil Procedure 54(d)(1) provides in relevant part:

   **Costs Other than Attorneys' Fees.** Except when express provision thereof is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs....

*See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) ("Rule 54(d) provides that the cost shall be taxed against the losing party unless the court otherwise directs. . . . It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.").

■■■ We recognize that a district court has discretion under Rule 11 of the Federal Rules of Civil Procedure,[2] 28 U.S.C. § 1927,[3] and its inherent equitable powers to impose costs against an attorney as a sanction. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (recognizing a court's inherent equitable power to sanction an attorney). Such sanctions, however, are appropriate only where the attorney has acted in bad faith in the actions that led to the lawsuit or in the conduct of the litigation, or where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court. *See United States v. Seltzer*, 227 F.3d 36, 40–42 (2d Cir.2000); *First Nat'l*

*Supermarkets, Inc. v. Retail, Wholesale & Chain Store Food Employees Union Local 338*, 118 F.3d 892, 898 (2d Cir.1997). If we were to interpret Rule 54(d)(1) to permit costs against counsel "as of course," sanctions could be placed on attorneys without any showing of bad faith or wrongdoing on their part. Such an interpretation would, in our opinion, unduly deter attorneys from representing clients who possess non-frivolous claims.

In the case at hand, the District Court specifically found that Lask had not "acted in bad faith, vexatiously, wantonly or for oppressive reasons." *Wilder*, 2000 WL 959751, at *13 (using the standard for the imposition of sanctions set forth in *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). Moreover, there is nothing in the record on appeal to suggest that Lask had negligently or recklessly failed to perform her responsibilities as an officer of the court. Accordingly, costs should not have been imposed on Lask under Rule 54(d)(1) of the Federal Rules of Civil Procedure.

2. Rule 11 provides in relevant part:

**(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

**(c) Sanctions.** If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

3. Section 1927 provides:

**Counsel's liability for excessive costs**

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

## III

We therefore (1) affirm the judgment of the District Court insofar as it dismissed Wilder's claims against GL and Local 225; (2) vacate the judgment insofar as it imposed costs against Lask; and (3) remand the cause to the District Court to determine whether, in light of our ruling, costs should be imposed against Wilder.

Each party shall bear its own costs on this appeal.