Jason TRIGG, Plaintiff–Appellant,

v.

NEW YORK CITY TRANSIT AUTHOR-ITY (N.Y.CTA), William Seabrook, Local DC 37, Donald Afflick, President, American Federation of State, County and Municipal Employees, AFL–CIO, District Counsel 37, Local 1655, Defendants–Appellees.

Docket No. 01–9104.

United States Court of Appeals, Second Circuit.

Aug. 16, 2002.

Chinyere Okoronkwo, New York, NY, for Appellant.

Maureen M. Stampp, New York, NY; Ivan D. Smith, on the brief, for Union Appellees.

Dorothea W. Regal, New York, NY; Kathleen L. Lowden, on the brief, for New York City Transit Authority Appellee.

Jon W. Davidson, Los Angeles, CA; Phillip Mendelsohn, Ruth E. Harlow, on the brief, Amicus Curiae Brief for Appellant.

Present JACOBS, CABRANES and F.I. PARKER, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jason Trigg appeals the decision of the United States District Court for the Eastern District of New York (Glasser, *J.*), dismissing by summary judgment his claims against [i] the New York City Transit Authority ("NYCTA") for hostile work environment and retaliation in violation of Title VII, and [ii] his union for breach of its duty of fair representation and violation of Title VII based on that alleged discriminatory breach.

Trigg's suit arises out of the following events: [1] comments by a putative supervisor who characterized Trigg as unmanly, and who was investigated for such abuse and demoted; [2] Trigg's termination following multiple undisputed instances of being tardy or absent without leave; and [3] the union's refusal to grieve either [i] Trigg's complaints, or [ii] his ultimate termination. We affirm.

To survive summary judgment "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)) (citations and footnote omitted). "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir.1998).

■ 1. Trigg's hostile work environment claim consists mainly of unsubstantiated and speculative allegations. Stripped of the conclusory allegations, what remains (in the light most favorable to Trigg) is one incident involving homophobic insults and threats, a handful of derogatory comments about Trigg's manliness, and a generalized preference for women (and in particular one woman) by the offending employee.[1] We do not consider the homophobic incident, because sexual-orientation discrimination is not cognizable under Title VII. *See Price Waterhouse v. Hopkins*, 490 U.S.

---

1. The parties dispute whether the offending employee was a supervisor for the purposes of Title VII (such that his actions should be imputed to the NYCTA). *See Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). But for summary judgment purposes, we accept that the individual held a supervisory position.

228, 235, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). And the rest of the evidence is insufficient as a matter of law to demonstrate a severe or pervasive hostile work environment. *See Alfano v. Costello,* 294 F.3d 365, 379 (2d Cir.2002) (collecting cases in which allegations far more severe and numerous could not withstand summary judgment for failure to demonstrate pervasive discrimination).

■ 2. Trigg's retaliation claim fails because no reasonable jury could find that his discrimination complaints were a "substantial" or "motivating" factor in the NYCTA's decision to terminate him. *See Raniola v. Bratton,* 243 F.3d 610, 624–5 (2d Cir.2001). The NYCTA has presented overwhelming evidence that Trigg was fired for failing to report to work on time or, on many occasions, at all. *Cf. Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" (citation omitted)).

■ 3. Trigg presents no viable claim against his union either for breach of the duty of fair representation of for violation of Title VII, since the union has established that its decision not to grieve Trigg's complaints or his termination was based on its established practice of not filing grievances on behalf of probationary employee, which practice was, as a matter of law, not "arbitrary, discriminatory, or in bad faith." *Wilder v. GL Bus Lines,* 258 F.3d 126, 129 (2d Cir.2001); *see also White v. White Rose Food,* 237 F.3d 174, 179 (2d Cir.2001) (stating that union's are given "room to make discretionary decisions and choices, even if those judgments are ultimately wrong"). The sole evidence Trigg points to as evincing "discrimination" or "bad faith" by the union is his claim (which is disputed by the union) that a union official told him to "shut up ... or get fired" when Trigg went to the official to complain about Seabrook's conduct. But this statement, standing alone, could not support an inference of bad faith or discrimination inasmuch as it could easily have been motivated by the official's desire to protect Trigg until he survived the probationary period of his employment and his complaints could be formally grieved. *Cf. Matsushita,* 475 U.S. at 586 (a party resisting summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts").

■ Finally, because the district court's dismissal of these claims was entirely appropriate, its decision to forgo exercising supplemental jurisdiction over Trigg's pendent claims under state and local law was correct, as well. *See Seabrook v. Jacobson,* 153 F.3d 70, 71–72 (2d Cir.1998).

The motion for sanctions is granted to the extent that printing costs for the production of the supplemental appendix will be paid by the appellant; the motion for sanctions is in other respects denied.

For the reasons set forth above, the judgment of the district court is **AFFIRMED.**