SUMMARY ORDER
In this employment discrimination action, plaintiff William T. Perks appeals *770 from that part of a judgment requiring him to pay the costs of defendants Town of Huntington and Susan Scarpati-Reilly in procuring a shared, single copy of daily trial transcripts, an amount totaling $50,668.32. We review a district court’s order taxing costs pursuant to Federal Rule of Civil Procedure 54(d)(1) for abuse of discretion. See Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir.2001). In doing so, we assume the parties’ familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.
Perks argues that the district court abused its discretion because daily trial transcripts were unnecessary for defendants’ use in the case. See 28 U.S.C. § 1920(2) (providing that “[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case” may be taxed); E.D.N.Y. R. 54.1(c)(1); Galella v. Onassis, 487 F.2d 986, 999 (2d Cir.1973) (holding that award of “premium cost of daily transcripts” requires showing of “necessity — beyond the mere convenience of counsel”). Because the district court’s finding of necessity is reasonably supported by the record, we identify no abuse of discretion in the challenged award. See Perks v. Town of Huntington, No. 99 Civ. 4811, at 9 (E.D.N.Y Mar. 31, 2008) (identifying “extraordinary circumstances” supporting procurement of daily transcripts).
The record indicates that both the district court and defendants relied extensive.ly on daily transcripts to determine which documents had been admitted into evidence, to recall prior testimony, to resolve confusion over plaintiffs legal theories, and to prepare the jury charge. See Syracuse Broad. Corp. v. Newhouse, 319 F.2d 683, 690 (2d Cir.1963) (concluding no abuse of discretion in award of daily transcript costs in light of “blurred issues” and “mass of evidence” introduced). Defendants also depended on daily transcripts during cross examination to impeach Perks’s credibility, a crucial issue in this case. Under these circumstances, detailed more specifically in the district court’s 16-page memorandum, we identify no error in the factual finding that daily trial transcripts were “necessarily obtained” by defendants “for use in the case.” 28 U.S.C. § 1920(2).
Perks nevertheless contends that the disti'ict court abused its disci-etion by failing to take account of his limited financial means when taxing the costs of the daily trial transcripts. Specifically, he argues that his trial testimony concerning his post-retirement expenses was sufficient to demonstrate financial hardship. We ai’e not persuaded. “[Ijndigency per se does not automatically pi'eclude an award of costs,” and “the losing party has the burden to show that costs should not be imposed.” Whitfield v. Scully, 241 F.3d at 270. Perks has not met that burden where the only evidence to suppoi't his claim of financial hardship is testimony that he is retired and incurs an unspecified amount of expenses.
Finally, Pei'ks submits that taxation of costs should be “sparingly approved” where a plaintiff brings non-frivolous claims of sexual harassment. PI. Br. at 19. We decline to recognize such a claim-based exception to the general rale of governing-cost awai'ds. See Whitfield v. Scully, 241 F.3d at 270 (“[Bjecause Rule 54(d) allows costs ‘as of course,’ such an award against the losing party is the normal rule obtaining in civil litigation, not an exception.”). The district court having specifically found that daily transcripts were necessary for use during trial, and that finding being supported by the record, we identify no abuse of discretion in the challenged award.
*771 We have considered Perks’s other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the amended judgment of the district court.