11-1716-cv
Adkins v. General Motors Acceptance Corp.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of June, two thousand twelve,

Present:     ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                       *Circuit Judges*.
             BRIAN M. COGAN,[*]
                       *District Judge*.

---

WILLIAM ADKINS, individually and as a shareholder suing in the right of W. BABYLON CHEVROLET-GEO, INC. d/b/a PALANKER CHEVROLET, a Delaware Corporation,

                                        *Plaintiff - Appellee*,

DEREK S. SELLS, THE COCHRAN FIRM, KENDALL COFFEY, COFFEY & WRIGHT, LLP,  RICHARD J. BURTON, and BURTON & ASSOCIATES PA,

                                        *Appellees*,

        -v-                                              11-1716-cv

GENERAL MOTORS ACCEPTANCE CORP.,

                                        *Defendant - Appellant*,

---

[*] The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

GENERAL MOTORS CORP., TIMOTHY RINKE, PAUL FIELDS,
WEST BABYLON CHEVROLET GEO, INC.,

*Defendants.*

_____

Appearing for Appellant:      William B. Pollard, III, Kornstenin Veisz Wexler & Pollard, LLP
(David T. McTaggart, *on the brief*), New York, N.Y.


Appearing for Appellees:      Norman A. Olch, New York, N.Y.

Appeal from a judgment of the United States District Court for the Eastern District of New York  (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

General Motors Acceptance Corporation ("GMAC") appeals from the March 31, 2011 memorandum and order of the United States District Court for the Eastern District of New York (Seybert, *J.*) denying its motion for sanctions.  We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The sole issue on appeal is whether the district court abused its discretion in failing to impose sanctions on Adkins and his attorneys.  "We review all aspects of a District Court's decision to impose sanctions for abuse of discretion."  *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999).  "A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

Under its inherent powers to supervise and control its own proceedings, a district court has the authority to award attorneys' fees and costs to the prevailing party when the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000). Similarly, under 28 U.S.C. § 1927, a district court may award attorneys' fees against an attorney or other party authorized to practice before the courts who "multiplies the proceedings in any case unreasonably and vexatiously." *Id.* at 395-96 (quotation marks omitted).  However, "[t]o impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith -- that is, motivated by improper purposes such as harassment or delay." *Id.* at 396 (internal quotation marks omitted).  Such bad faith extends to "actions that led to the lawsuit or in the conduct of the litigation," and sanctions are also appropriate "where the attorney has negligently or recklessly failed to perform his responsibilities as an officer of the court." *Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001).

GMAC's primary argument is that sanctions are appropriate because the claims against it were never colorable. "[A] claim is entirely without color when it lacks *any* legal or factual basis." *Schlaifer Nance*, 194 F.3d at 337 (internal quotation marks omitted, emphasis in the original). "Conversely, a claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'" *Id.* (citation and alteration omitted). As for bad faith, it "can be inferred when the actions taken are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Schlaifer Nance*, 194 F.3d at 338 (internal quotation marks omitted); *see also Reichmann v. Neumann*, 553 F. Supp. 2d 307 (S.D.N.Y. 2008) (imposing sanctions after finding lawsuit lacked any colorable basis).

We cannot conclude that the district court abused its discretion in declining to impose sanctions. Although on this record a judgment awarding sanctions would have been within the district court's discretion, many of the arguments presented by the parties offered the district court a choice between two versions of events, and we cannot say that it committed clear error in its findings of fact or erred in its conclusions of law. This case was hotly litigated and parties on all sides have experienced both victories and defeat, both at the district court and at the appellate level. We see no cause for interference with the district court's decision not to sanction the actions of Adkins and his attorneys.

Accordingly, the judgment of the district court hereby is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk