12-5085-cv
Hogan v. Novartis Pharmaceuticals Corporation

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 17th day of December, two thousand thirteen.

Present:    ROBERT A. KATZMANN,
                    *Chief Judge*,
              RALPH K. WINTER,
              GUIDO CALABRESI,
                    *Circuit Judges.*

_____

KARLENE HOGAN,

                    Plaintiff-Appellant,[*]


                    - v -                          No. 12-5085-cv

NOVARTIS PHARMACEUTICALS CORPORATION,

                    Defendant-Appellee.


_____

For Plaintiff-Appellant:              DANIEL A. OSBORN, Osborn Law, P.C., New York, NY

For Defendant-Appellee:              BRUCE J. BERGER, ROBERT E. JOHNSTON, KATHARINE R. LATIMER, Hollingsworth LLP, Washington, DC, JACQUELINE M. BUSHWACK, Rivkin Radler LLP, Uniondale, NY

_____


_____

[*]The Clerk of Court is directed to amend the official caption as shown in this order .

Appeal from the United States District Court for the Eastern District of New York (Cogan, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order issued by the district court be and hereby is **AFFIRMED**.

Plaintiff Karlene Hogan ("Hogan") appeals from the November 20, 2012, order issued by the United States District Court for the Eastern District of New York (Cogan, *J.*) taxing Hogan for litigation costs pursuant to Federal Rule of Civil Procedure 54(d). The district court granted Novartis Pharmaceuticals Corporation's ("Novartis") application for the taxation of costs incurred in litigating a product liability case in which Novartis prevailed after trial. On appeal, Hogan claims that the district court erred in imposing costs against her in her individual capacity and in rejecting her claim for equitable relief from costs. While this appeal was pending, Novartis moved this Court to impose sanctions on Daniel Osborn ("Osborn"), Hogan's attorney, on the basis that Osborn made misrepresentations to this Court. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

First, Hogan contends that the district court abused its discretion in imposing costs upon her in her individual capacity because she purported to bring suit behalf of her late husband's estate. However, Hogan points to no authority that would entitle her to sue as the representative of that estate. Rhode Island law, which the parties agree governs the substantive issues in this suit, sets forth a process for the appointment and qualification of executors and administrators of estates. R.I. Gen. Laws, tit. 33, ch. 8. It requires that a decedent's will be submitted to the probate court in the town in which the decedent resided and that the probate court "grant administration o[f] the estate of [the decedent]" to an individual to serve as executor or

2

administrator.  R.I. Gen. Laws § 8-9-11.  "[U]ntil appointed by the probate court and qualified under the law,"  an individual "is without any authority to act  [as an executor or administrator]." *Montgomery v. Virgadamo*, 77 A.2d 530, 532 (R.I. 1950).  Moreover, if the lawsuit does not concern the "debts or  legacies" of an estate, R.I. Gen. Laws  § 33-9-27, even a lawfully appointed executor is responsible for the adverse party's litigation costs unless the probate court authorizes reimbursement from the estate.  *See id.* § 33-18-19.  Here, Hogan has provided no basis for finding that she was authorized to represent her late husband's estate.  The district court therefore did not abuse its discretion in holding her personally liable.

Second, Hogan contends that the district court erred in rejecting her request for equitable relief based on her financial hardship.  However, "indigency *per se* does not automatically preclude an award of costs," *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), and, in any case, she presented no evidence to document her alleged lack of financial resources. *See Perks v. Town of Huntington*, 331 F. App'x 769, 770 (2d Cir. 2009) (affirming the imposition of costs when "the only evidence to support [the litigant's] claim of financial hardship is testimony that he is retired and incurs an unspecified amount of expenses").  The only evidence Hogan did submit showed that funds to cover litigation costs were available since she had entered into a private contract with her attorney in which he would cover costs in return for a sizable share of any favorable judgment.  Finally, contrary to Hogan's argument, the fact that the district court considered the availability of funds from an individual who had contracted for an interest in her legal claim and who happened to be her attorney does not conflict with our holding in *Wilder v. GL Bus Lines*, 258 F.3d 126, 127 (2d Cir. 2001) (per curiam), nor does it constitute an abuse of discretion.  Accordingly, we affirm the district court's grant of Novartis's application for the taxation of costs.

3

Also before us is Novartis's motion for sanctions under Federal Rule of Appellate Procedure 38. Novartis has requested that sanctions be imposed on Osborn for misrepresenting Hogan as the executor of her late husband's estate in the instant appeal. Because she is not the legal executor, Novartis argues, she had no standing to bring this suit; therefore, "this appeal is premised upon a patently false assertion" and is frivolous. In response, Osborn does not claim that the misrepresentation was based on a mistaken impression that Hogan was the lawful executor. Instead, he only argues that Novartis cannot prove that the appeal was entirely frivolous or made in bad faith. While we are concerned by the misrepresentation that Osborn appears to have made to the Court, we agree— and Novartis conceded at oral argument— that at least one of the arguments on appeal was not "patently frivolous." *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013). Therefore, we decline to impose sanctions under Federal Rule of Appellate Procedure 38.

Finally, we note that, at oral argument, Osborn confirmed that he will cover the costs that the district court taxed against Hogan and was reminded that he will be found in contempt of this Court if he reneges on this statement.

We have considered the parties' remaining arguments and find them to be without merit. For the reasons stated herein, the district court's order imposing costs is **AFFIRMED**. Novartis's motion for sanctions is **DENIED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
