# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2019

Submitted: September 4, 2019
Decided: October 30, 2019

Docket No. 18-679

IN RE: ALBA SANCHEZ,

*Debtor.*

KENNETH ROSELLINI,

*Appellant*,

*v.*

UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK,

*Appellee.*

Appeal from the United States District Court
for the Eastern District of New York
No. 16-cv-5522, Block, *Judge*.

Before:     WALKER, CARNEY, AND SULLIVAN, *Circuit Judges*.

Kenneth Rosellini, an attorney proceeding pro se, appeals the district court's orders affirming the bankruptcy court's award of monetary sanctions pursuant to its inherent power. As a matter of first impression in our Circuit, we hold that bankruptcy courts possess inherent power to sanction attorneys in appropriate circumstances. Because Rosellini's challenges to the bankruptcy court's exercise of that power fails for the reasons set forth in a separately-filed summary order, we affirm.

AFFIRMED.

> Kenneth Rosellini, Esq., pro se, Clifton, NJ, for Appellant.
>
> No appearance, for Appellee.

PER CURIAM.

In September 2013, Appellant Kenneth Rosellini filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of New York on behalf of his client, Alba Sanchez. Rosellini subsequently failed to prosecute the case, however, prompting the bankruptcy court to issue multiple orders to show cause. After he failed to comply with those orders, the bankruptcy court ultimately sanctioned him $1,000. Rosellini then filed a motion to vacate the sanctions order, which the bankruptcy court denied, citing its inherent power "to manage its calendar and the courtroom." App'x at 5 (quoting *United States v. Seltzer*, 227 F.3d 36, 42 (2d Cir. 2000)). Rosellini appealed the bankruptcy court's orders denying

his motion to vacate and denying reconsideration, and the district court (Block, *J.*) affirmed.  He now appeals to this Court.

"A district court's order in a bankruptcy case is subject to plenary review, meaning that this Court undertakes an independent examination of the factual findings and legal conclusions of the bankruptcy court."  *Goldman, Sachs & Co. v. Esso Virgin Islands, Inc. (In re Duplan Corp.)*, 212 F.3d 144, 151 (2d Cir. 2000).  Here, because the bankruptcy court relied exclusively on its inherent power to support its sanctions order, we confine our review to the question of whether the court properly exercised that power, and thus we do not consider potential alternative sources of authority.  *See Solow v. Kalikow (In re Kalikow)*, 602 F.3d 82, 96 (2d Cir. 2010) ("The Bankruptcy Court's discretion to award sanctions may be exercised only on the basis of the specific authority invoked by that court.").

As a threshold matter, although Rosellini does not argue that bankruptcy courts lack an inherent sanctioning power, we consider this issue to be jurisdictional.  *See, e.g.*, *Zeisl v. Watman (In re Austrian & German Bank Holocaust Litig.)*, 317 F.3d 91, 99 (2d Cir. 2003); *United States v. Uccio*, 917 F.2d 80, 84 (2d Cir. 1990), *superseded by rule on other grounds as recognized in United States v. Werber*, 51 F.3d 342 (2d Cir. 1995).  Thus, we have an independent obligation to ensure that

bankruptcy courts in fact possess such power. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." (internal quotation marks omitted)); *see also, e.g., Green Point Credit, LLC v. McLean (In re McLean)*, 794 F.3d 1313, 1318–20 (11th Cir. 2015) (considering *sua sponte* whether the bankruptcy court had jurisdiction to enforce an injunction through its contempt power); *Plastiras v. Idell (In re Sequoia Auto Brokers Ltd., Inc.)*, 827 F.2d 1281, 1283–84 (9th Cir. 1987) (considering *sua sponte* the jurisdictional question of whether bankruptcy judges have inherent contempt power), *superseded by statute on other grounds as recognized in Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278 (9th Cir. 1996).

In fulfilling this obligation here, we consider an issue of first impression in our Circuit – but we do not write on a blank slate. Both the Supreme Court and this Court have previously suggested that bankruptcy courts possess inherent sanctioning powers. *See Law v. Siegel*, 571 U.S. 415, 427 (2014) ("The [bankruptcy] court may also possess further sanctioning authority under . . . its inherent powers."); *In re Kalikow*, 602 F.3d at 96–97 (rejecting the bankruptcy court's

4

"attempt to exercise a combination of inherent and statutory authority" to award sanctions, while implying that bankruptcy courts possess such inherent authority as a general matter); *Casse v. Key Bank Nat'l Ass'n (In re Casse)*, 198 F.3d 327, 336, 341 (2d Cir. 1999) (holding that the bankruptcy court had authority under 11 U.S.C. §§ 105(a) and 349(a) to enjoin future filings, but also noting in dicta that bankruptcy courts, "through their inherent powers as courts, . . . are able to police their dockets and afford appropriate relief" (quoting *2 Collier on Bankruptcy* ¶ 105.01[2] (15th ed. 1999))). And beyond our circuit, the "[c]ourts of appeals consistently have recognized that bankruptcy courts may impose various forms of inherent-power sanctions." *Charbono v. Sumski (In re Charbono)*, 790 F.3d 80, 87 (1st Cir. 2015) (collecting cases).

As our sister circuits have explained, inherent sanctioning powers are not contingent on Article III, but rather are, as their name suggests, inherent in the nature of federal courts as institutions charged with judicial functions. *See id.* at 86–87; *Citizens Bank & Tr. Co. v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir. 1991); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Certain implied powers must necessarily result to our Courts of justice from the nature of their institution . . . . These powers are governed not by rule or statute but by the control

5

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (internal quotation marks, citations, and brackets omitted)). We therefore hold that bankruptcy courts, like Article III courts, possess inherent sanctioning powers. And, as relevant here, these include the power to impose relatively minor non-compensatory sanctions on attorneys appearing before the court in appropriate circumstances. *See Wilder v. GL Bus Lines*, 258 F.3d 126, 130 (2d Cir. 2001) (per curiam); *Seltzer*, 227 F.3d at 41–42. We express no opinion on the outermost bounds of bankruptcy courts' inherent sanctions powers, including their power to impose more substantial punitive sanctions. *See Adell v. John Richards Homes Bldg. Co. (In re John Richards Homes Bldg. Co.)*, 552 F. App'x 401, 415 (6th Cir. 2013); *Knupfer v. Lindblade (In re Dyer)*, 322 F.3d 1178, 1194, 1198 (9th Cir. 2003).

In these circumstances, the bankruptcy court's order imposing sanctions on Rosellini in the amount of $1,000 was appropriate for the reasons stated in a separately-filed summary order. Accordingly, we **AFFIRM** the orders of the district court.