08-1970-cv
Adkins v. General Motors Corporation

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2008

(Submitted: November 4, 2008                              Motion Decided: March 31, 2009)

Docket No. 08-1970-cv

WILLIAM ADKINS, individually and as a shareholder suing in the right of W. Babylon Chevrolet-Geo, Inc.
        d/b/a Palanker Chevrolet, a Delaware Corporation,

                *Plaintiff-Appellee*,

DEREK S. SELLS, THE COCHRAN FIRM, KENDALL COFFEY, COFFEY & WRIGHT, LLP, RICHARD J.
        BURTON, and BURTON & ASSOCIATES PA,

                *Appellees*,

                v.

GENERAL MOTORS ACCEPTANCE CORPORATION,

                *Defendant-Appellant*,

GENERAL MOTORS CORPORATION, TIMOTHY RINKE, PAUL FIELDS, and WEST BABYLON CHEVROLET-
        GEO, INC.,

                *Defendants*.[*]

Before: CABRANES and HALL, *Circuit Judges*, and GLEESON, *District Judge*.[**]

        Plaintiff-appellee moves for reconsideration and vacatur of a pre-argument conference order of

the Staff Counsel of the United States Court of Appeals for the Second Circuit, which amended the

caption of the underlying appeal to include plaintiff-appellee's lawyers and their respective law firms as

---

[*] The Clerk of Court is directed to amend the caption to conform to the listing above.

[**] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York,
sitting by designation.

parties on appeal, despite the fact that they were not named parties before the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*). The Staff Counsel's order stated that because the appeal was from a denial of attorneys' fees and costs against the plaintiff-appellee and his attorneys, each of the attorneys and their law firms must be included as parties on appeal. Plaintiff-appellee challenges the Staff Counsel's authority to designate parties on appeal, and asks that the Court allow the appeal to proceed with the same parties that were named in the District Court proceedings. We write to clarify that the Staff Counsel's actions were consistent with this Court's local rules, and, accordingly, there was nothing impermissible about the entry of the order.

Denied.

> Derek S. Sells, The Cochran Firm, New York, NY, *for Plaintiff-Appellee.*
>
> William B. Pollard, III and Kathrine M. Mortensen, Kornstein Veisz Wexler & Pollard, LLP, *for Defendant-Appellant General Motors Acceptance Corporation.*

JOSÉ A. CABRANES, *Circuit Judge*:

Plaintiff-appellee William Adkins ("plaintiff" or "Adkins") moves for reconsideration and vacatur of a July 11, 2008 pre-argument order of the Staff Counsel of the United States Court of Appeals for the Second Circuit ("Staff Counsel" or "Office of Staff Counsel"), which amended the caption of the underlying appeal to include his lawyers—Derek S. Sells, Kendall Coffey, and Richard J. Burton—and their respective law firms—the Cochran Firm, Coffey & Wright, LLP, and Burton & Associates, PA—(collectively, "attorneys"), as parties on appeal, even though they were not named parties in the District Court proceedings. The Staff Counsel's order stated that because the underlying appeal was from a denial of attorneys' fees and costs against plaintiff and his attorneys, each of the attorneys and their law firms must be included as parties on appeal. Plaintiff challenges the Staff Counsel's authority in these circumstances to include parties on appeal, and requests that the appeal

2

proceed with the same parties that were named in the District Court proceedings. We write to clarify that the Staff Counsel's July 11 order falls within the scope of his official responsibilities as explained in a supplement to our Local Rules. Accordingly, there was nothing impermissible about the entry of the order.

## BACKGROUND

In June 2003, Adkins filed a suit in New York state court, individually and derivatively as a shareholder of West Babylon Chevrolet-GEO, Inc., against General Motors Corporation ("GM"), the General Motors Acceptance Corporation ("GMAC"), and two GM employees, asserting several claims arising from Adkins's efforts to obtain sole ownership of a GM car dealership. GM removed the case to the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*), after which the District Court dismissed all of Adkins's claims save one. The remaining claim—for breach of fiduciary duty against GM—was submitted to a jury, which found in favor of Adkins. GM appealed. On March 3, 2006, another panel of this Court, in an unpublished summary order, vacated the jury's verdict and directed the District Court to enter judgment as a matter of law for GM. *See Adkins v. Gen. Motors Corp.*, 170 Fed. App'x 184 (2d Cir. 2006).

On remand, GMAC moved in the District Court for attorneys' fees and costs, seeking to recover from Adkins as well as three of his attorneys and their respective law firms. In a judgment entered on April 8, 2008, the District Court denied GMAC's motion for attorneys' fees and costs. GMAC filed a timely notice of appeal.

On July 11, 2008, following a pre-argument conference held on June 27, the Staff Counsel entered a Memorandum and Order to amend the caption of the appeal to include the names of plaintiff's attorneys as appellees.[1] The order states:

---

[1] Following a July 21, 2008 letter from GMAC's counsel requesting that the law firms of the three appellee lawyers also be added as parties on appeal, the caption page was amended on July 28, 2008 to include the Cochran Firm, Coffey & Wright, LLP, and Burton & Associates PA as co-appellees.

[GMAC] sought, in the court below, an award of attorneys' fees and costs against plaintiff *and his attorneys*. The District Court, in a Judgment dated April 8, 2008, denied the request. The beneficiaries of that ruling were plaintiff *and his attorneys*. Consequently, each of plaintiff's attorneys and their law firms are properly to be regarded as appellees, in addition to the plaintiff. Although the attorneys were not actual parties in the District Court, they certainly would have been considered aggrieved, and entitled to appellant status, if GMAC's motion had been granted. Since this appeal seeks reversal [of the District Court's order denying GMAC's motion for attorneys' fees and costs], and remand for the purpose of awarding fees and costs against those attorneys, they are entitled to defend the lower court's decision, as co-appellees.

July 11, 2008 Mem. and Order of Staff Counsel.

On August 1, plaintiff moved in this Court for reconsideration and vacatur of the Staff Counsel's pre-argument order of July 11, 2008. Specifically, plaintiff questions the Staff Counsel's authority to enter the order, stating that, "without citing any authority, the Staff [Counsel] decided to add the law firms as parties to this appeal" and that "this decision was made unilaterally." Mot. to Reconsider and Vacate Order at 2. Plaintiff further argues that the addition of the attorneys as parties creates several logistical complications: (1) "it would ordinarily require that each of the so-called [a]ppellees file their own briefs, and would presumably mean that each is to present his or her own oral argument" and (2) "it somewhat complicates the question of who would represent William Adkins if the law firms are being required to act as parties on their own." *Id.* at 3. Accordingly, plaintiff asks this Court to vacate the Staff Counsel's July 11 order and "allow this appeal to proceed with the same parties that were present below and which are named in the notice of appeal." *Id.* at 4.[2]

## DISCUSSION

Our Court's Civil Appeals Management Plan ("CAMP"), which "has the force and effect of a local rule," *Lake Utopia Paper, Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928, 929 (2d Cir. 1979), provides, in pertinent part:

5. Pre-Argument Conference . . .

---

[2] We express no view on the underlying merits of this appeal.

(a) In cases where staff counsel may deem this desirable, the staff counsel may direct the attorneys to attend a pre-argument conference to be held as soon as practicable before staff counsel[ ] or a judge designated by the Chief Judge to consider the possibility of settlement, the simplification of the issues, and any other matters which the staff counsel determines may aid in the handling or the disposition of the proceeding.

(b) At the conclusion of the conference the staff counsel shall enter a pre-argument conference order which shall control the subsequent course of the proceeding.

U.S. Court of Appeals Rules, Second Circuit, Part C(5), Civil Appeals Management Plan, 28 U.S.C.A. Rules Pamphlet, Pt. 1, at 439 (2008). CAMP Rule 5 clearly provides that the Staff Counsel has the authority to carry out certain administrative functions related to pre-argument matters. *See, e.g.*, *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 770 F. Supp. 91, 92 (E.D.N.Y. 1991) ("The appeal was withdrawn and the case has been returned to this Court at the suggestion of the Staff Counsel for the Second Circuit for final disposition . . . "); *Oriental Commercial & Shipping Co., (U.K.), Ltd. v. Rosseel, N.V.*, 769 F. Supp. 514, 515 (S.D.N.Y. 1991) ("[D]uring a pre-argument conference in connection with the appeal[,] the Staff Counsel for the Second Circuit suggested that the Circuit Court lacked jurisdiction over the appeal and [plaintiff-appellant] agreed to withdraw it."); *Nestle Co. v. Chester's Mkt., Inc.*, 596 F. Supp. 1445, 1446 (D. Conn. 1984) ("During pre-argument conferences before Staff Counsel for the Second Circuit, the parties reached a settlement agreement which would resolve not only the pending appeal, but also the other claims still pending before this court."); *Waksman v. Cohen*, No. 00 Civ. 9005, 2002 WL 31466417, at *2 (S.D.N.Y. Nov. 4, 2002) ("After we dismissed the [p]laintiff's . . . action, he filed a Notice of Appeal . . . . Shortly thereafter, . . . Staff Counsel for the Second Circuit . . . held a conference attended by the parties' attorneys in an attempt to help them reach a settlement."). *See generally* Irving R. Kaufman, *Must Every Appeal Run the Gamut? The Civil Appeals Management Plan*, 95 Yale L.J. 755, 756 (1986) ("Instituted in 1974, [CAMP] had several major aims: (1) to encourage the resolution of appeals without participation by judges, thus preserving their scarcest and most precious asset, time; (2) to expedite the consideration of appeals that will be briefed and argued, (3) to have Staff Counsel help the parties clarify the issues on appeal; and (4) to dispose of minor procedural motions

without expenditure of judicial resources."). As a housekeeping matter intended to "clarify the issues on appeal," *id.*, a decision to designate as "appellees" the attorneys who are the subject of the order from which an appeal is taken falls squarely within the Staff Counsel's authority and discretion.

Plaintiff offers no argument to challenge this conclusion. He does not suggest that the Staff Counsel's order infringed in any way upon his rights, or the rights and reputations of his lawyers and their law firms. Rather, plaintiff suggests that including his attorneys and their respective law firms as appellees complicates the determinations of who will represent him on appeal and how many parties will appear at argument. Although we are sympathetic to these concerns, the question of who represents Adkins on appeal has no bearing on the fact that the Staff Counsel acted within his authority to include plaintiff's attorneys as named appellees. Indeed, as the amendment to the caption in this appeal was a reflection of the reality that plaintiff's attorneys may be personally liable for fees and costs, the concern about representation would exist regardless of whether the attorneys are named as appellees in the caption. Moreover, nothing in the Staff Counsel's order precludes plaintiff and his attorneys from filing a single brief, nor does anything to preclude them from appearing at oral argument through a single attorney.

## CONCLUSION

The motion for reconsideration and vacatur of the July 11, 2008 order of this Court's Staff Counsel is DENIED.

6