08-1970-cv
Adkins v. General Motors Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION 'SUMMARY ORDER'). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of January, two thousand and ten.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DEBRA ANN LIVINGSTON,
                          Circuit Judges.

_____

WILLIAM ADKINS, individually and as a shareholder suing in the right of W. Babylon Chevrolet-Geo, Inc. d/b/a Palanker Chevrolet, a Delaware Corporation,

                                   Plaintiff-Appellee,

DEREK S. SELLS, THE COCHRAN FIRM, KENDALL COFFEY, COFFEY & WRIGHT, LLP, RICHARD J. BURTON, and BURTON & ASSOCIATES PA,

                                   Appellees,

             -v-                                   No. 08-1970-cv

GENERAL MOTORS ACCEPTANCE CORPORATION,

                                   Defendant-Appellant,

GENERAL MOTORS CORPORATION, TIMOTHY RINKE, PAUL FIELDS, WEST BABYLON CHEVROLET-GEO, INC.,

                                   Defendants.

_____

For Appellant:        WILLIAM B. POLLARD, III (Kathrine M. Mortensen, David T. McTaggart, on the brief), Kornstein Veisz Wexler & Pollard, LLP, New York, NY.

For Appellees:        NORMAN OLCH, (Derek S. Sells, on the brief), The Cochran Firm, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Seybert, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the district court is **VACATED AND REMANDED**.

Defendant-appellant General Motors Acceptance Corporation ("GMAC") appeals the April 8, 2008 judgment, based on an order dated April 8, 2008, of the United States District Court for the Eastern District of New York (Seybert, J.), denying GMAC's motion for attorneys' fees and costs from plaintiff-appellee William Adkins, as well as Adkins's attorneys who are also appellees, see Adkins v. General Motors Acceptance Corp., 562 F.3d 114 (2d Cir. 2009). GMAC sought the following:

1. As to Adkins: (a) fees pursuant to the bad faith exception to the American Rule and, (b) costs pursuant to Fed. R. Civ. P. 54, Local Civil Rule of the Eastern District of New York 54.1, and 28 U.S.C. § 1920.

2. As to Adkins's attorneys: fees and costs pursuant to: (a) the bad faith exception to the American Rule, and (b) 28 U.S.C. § 1927.[1]

We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

A district court decides requests for attorneys' fees and costs by exercising its own discretion, and we in turn, review a district court's decision regarding attorneys' fees and costs for abuse of discretion. See Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 47 (2d Cir. 2009); Whitfield v. Scully, 241 F.3d 264, 269 (2d Cir. 2001). "[B]ecause Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." Whitfield, 241 F.3d at 270. Thus, "the losing party[, here Adkins,] has the burden to show that costs should not be imposed; for example, costs may be denied because of . . . the losing party's limited financial resources." Id. However, "indigency per se

---

[1] GMAC argued in its brief that it sought costs from Adkins's attorneys under the bad faith exception to the American Rule and 28 U.S.C. § 1927, see GMAC's Br. at 2-3, 27, 34-35, however, we have been unable to identify such a request to the district court in GMAC's Memorandum in Support of its Motion for Attorneys' Fees and Costs, see J.A. 857-86 (doc. # 381). If GMAC did indeed make such a request, then the district court may address it on remand.

does not automatically preclude an award of costs[, and thus,] . . . when a prevailing party is denied costs, a district court must articulate its reasons for doing so." Id. And, under its inherent powers to supervise and control its own proceedings, a district court has the "power to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991) (quotation marks omitted). Similarly, under Section 1927, "a district court may award attorneys' fees against an attorney or other party authorized to practice before the courts who multiplies the proceedings in any case unreasonably and vexatiously. Eisemann v. Greene, 204 F.3d 393, 396 (2d Cir. 2000) (quotation marks omitted); see also Wilder v. GL Bus Lines, 258 F.3d 126, 130 (2d Cir. 2001).

We first address GMAC's motion as it relates Adkins. The district court denied the request for fees and costs from Adkins concluding that "based on [Adkins's] financial circumstances, it would be inequitable to award attorneys' fees and costs against [Adkins] in favor of GMAC." In making this finding, the district court relied on an argument made by Adkins as to a different defendant, General Motors Corporation ("GM"), and without giving GMAC an opportunity to address this issue.

We vacate and remand this portion of the district court's ruling because fairness dictates that GMAC should have an opportunity to brief this issue. See Bridgeway Corp. v. Citibank, 201 F.3d 134, 139 (2d Cir. 2000). Moreover, remand is warranted because the district court neither established record support for nor clearly articulated its reasons for concluding that Adkins met his burden of showing financial hardship. Whitfield, 241 F.3d at 270 ("In light of the general rule, when a prevailing party is denied costs, a district court must articulate its reasons for doing so."). This is particularly so in view of the court's previous denial of GM and GMAC's request that Adkins post security partly on the grounds that defendants had failed to show that Adkins was judgment proof, as Adkins "recently received a $100,000 settlement."

GMAC suggests that we go farther and rule in its favor as a matter of law because, inter alia, Adkins failed to raise the issue of financial hardship in response to GMAC's motion before the district court. We remand instead because Adkins did raise the issue in response to a motion made by GM, and all parties were at least on notice of Adkins's position generally. Under the circumstances, manifest injustice might result if an order to pay costs and fees would indeed result in financial hardship to Adkins. We do not consider at this time whether Adkins has met the manifest injustice standard. On remand, the district court should consider whether the argument regarding financial hardship is procedurally barred and, if not, address the issue fully on the merits. See, e.g., Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 302-3 (2d Cir. 1996) (district court is to determine the issue of manifest injustice on remand).

We next address GMAC's motion as it relates to Adkins's attorneys. Our review of the district court's decision reveals that the court did not address this aspect of GMAC's motion. We thus remand to allow the court to address this issue, and make specific findings on GMAC's several arguments that Adkins's suit against GMAC was not brought in good faith. See Jones v.

UNUM Life Ins. Co. of Am., 223 F.3d 130, 138-39 (2d Cir. 2000); Eisemann, 204 F.3d at 396-97;.

       Finally, having considered the pertinent factors, we deny GMAC's request that this case be remanded to a different district judge. See Mackler Prods., Inc. v. Cohen, 225 F.3d 136, 146-47 (2d Cir 2000). However, in remanding, we instruct the district court to decide the request for costs and fees from Adkins's attorneys based on the records and briefs on this appeal, except to the extent that the judge deems it necessary to order additional briefing. As to GMAC's motion for costs and fees from Adkins, the court may do the same, but allow GMAC to file opposition to Adkins's asserted indigency and responses as it sees fit.

       In remanding, we express no view as to the disposition of GMAC's motion and merely remand to the district court, which is most familiar with the facts and proceedings of this case, for further findings. The district court should make specific findings on GMAC's various contentions that Adkins and his attorneys acted vexatiously and in bad faith in prosecuting this suit.

       Accordingly, the decision of the district court is **VACATED AND REMANDED**.


              FOR THE COURT:

              Catherine O'Hagan Wolfe, Clerk