DLC MANAGEMENT CORP., Frederick Cohen, Arnold Cohen and Carole Horowitz, Plaintiffs,

v.

The TOWN OF HYDE PARK, The Town Board of the Town of Hyde Park, The Planning Board of the Town of Hyde Park, Nancy Alden and Evelyn Crispell, Defendants.

No. 93 Civ. 7120(CLB).

United States District Court, S.D. New York.

April 6, 1999.

Robert Hermann, Plunkett & Jaffe, P.C., Edward Rubin, New York City, for Plaintiffs.

S. Pitkin Marshall, Law Offices of S. Pitkin Marshall, Brian S. Sokoloff, Thurm & Heller, LLP, New York City, for Defendants.

### MEMORANDUM & ORDER

BRIEANT, District Judge.

Presently at issue before this Court in this civil rights action is a motion, brought by the individual plaintiffs, Frederick Cohen, Arnold Cohen and Carole Horowitz, to review the Clerk of the Court's taxation of costs on notice in favor of all defendants for the sum of $41,622.78. For the reasons set forth below, the Court vacates the award of costs by the Clerk of the Court, and orders no costs against the plaintiffs.

On February 18, 1999, within the time contemplated by Local Rule 54.1, defendants filed their bill of costs for an amount of $52,673.00, with the Clerk of the Court. On March 9, 1999, having heard opposition by the individual plaintiffs but not plaintiff DLC Management Corp., the Clerk of the Court taxed the costs in the reduced amount of $41,622.78 based on oral representations by defense counsel that certain deposition transcripts, which defendants had itemized in their bill of costs, were not necessary to the trial of the case. On March 11, 1999, the individual plaintiffs filed their motion to review the Clerk of the Court's award of costs.

Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part: "Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party *unless the court otherwise directs.*" (Emphasis added). Our Supreme Court has held that, "Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S.

437, 442, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987). As Rule 54 creates a strong presumption that the prevailing party will recover costs, *see Mercy v. County of Suffolk*, 748 F.2d 52, 54 (2d Cir.1984) (award of costs to prevailing party is rule, rather than exception), the district court may not deny costs to the prevailing party without explanation of adequate reasons. 10 James Wm. Moore, *et al.*, Moore's Federal Practice 3d §§ 54.101[1][a] & [b] (March 1999).

This Court's authority to deny costs to a prevailing party upon a showing that such an award would be inequitable, is inherent in the equitable powers granted to the district courts pursuant to Article III of the U.S. Constitution. *See Friedman v. Ganassi*, 853 F.2d 207, 211 (3d Cir.1988), *cert. denied* 488 U.S. 1042, 109 S.Ct. 867, 102 L.Ed.2d 991 (1989); 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2668 (1998).

This Court has presided over this case since its filing on October 14, 1993. Based on the familiarity with the merits and trial tactics employed throughout this longstanding and hard fought litigation, the Court, *sua sponte*, finds an award of costs inequitable based on the factual predicate of this case and its history.

The inequity in this case is no more apparent than in the words of the decision of our Court of Appeals on direct appeal. After ruling against plaintiffs-appellants as a matter of law, our Court of Appeals panel made a point to express that they "are sympathetic to plaintiffs' plight and in no way [ ] sanction or condone the [defendants'] behavior." *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 131 (2d Cir.1998). Additionally, the appellate panel went on to find that "[u]pon review of the record, it is manifest that plaintiffs were treated shabbily and unfairly" by the defendants. *Id.* Seldom does an appellate panel, having resolved all the

appellate issues before it, go further to express its judicial conscience as clearly and unequivocally as was done in this case. This Court is in total agreement with that expression.

Based on this shabby and unfair treatment, and the entire trial and pretrial record, it is clear that plaintiffs' lawsuit was brought with the utmost good faith. Plaintiffs' good faith was further validated by the fact that their Constitutional claim had to be decided by our Court of Appeals as a "question of first impression." *DLC Management Corp. v. Town of Hyde Park,* 163 F.3d at 129.

In addition to our concerns, and that of the Court of Appeals about the merits of plaintiffs' complaint and the close and difficult legal issues presented both at trial and on appeal, another singularly compelling basis for denying costs would be the practical effect such an award would have in neutralizing the $39,905.00 sanction against the defendants imposed by Magistrate Judge Mark D. Fox, for playing fast and loose with the pretrial production of documents. Our Court of Appeals affirmed this Court's adoption of the $39,- 905.00 in discovery sanctions. *DLC Management Corp. v. Town of Hyde Park,* 163 F.3d at 137. Allowing defendants' costs in an amount slightly larger than the sanctions would trivialize the severity of defendants' misconduct which Magistrate Judge Fox felt compelled to punish.

For all the foregoing reasons, this Court declines as a matter of discretion to award costs to parties who have already been found to have litigated in bad faith. *Cf. McFarland v. Gregory* 425 F.2d 443 (2d Cir.1970).

Having declined to award any costs to defendants, this Court need not reach the subsidiary issue tendered by plaintiffs as to whether costs if awarded should be equally apportioned against each plaintiff, with no right to recover the entire amount of costs from any plaintiff under a theory of joint and several liability. There is authority to grant this relief. *See In re*

*Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975,* 687 F.2d 626, 630 (2d Cir.1982) (a court, in its discretion, may apportion costs between parties); 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2668 (1998).

SO ORDERED.