08-2426-cv
Moore v. Andreno

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**August Term 2008**

(Argued June 17, 2009)                                        Decided July 27, 2009)
                                        Motion Decided November 2, 2009)

Docket No. 08-2426-cv

———————————

RICHARD B. MOORE,

*Plaintiff-Appellee*,

– v. –

THE COUNTY OF DELAWARE, JOSEPH A. ANDRENO, Delaware County Deputy Sheriff, and

KURT R. PALMER, Delaware County Deputy Sheriff,

*Defendants-Cross-Claimants-Appellants.*

———————————

Before CABRANES and HALL, *Circuit Judges*, and STEIN, *District Judge.**

By Order dated July 27, 2009, this Court reversed the district court's denial of Appellants'

motion for summary judgment and entered judgment in Appellants' favor.  Appellants, as the

prevailing parties, now move for an award of costs pursuant to Fed. R. App. P. 39.  For the reasons

set forth below, we deny that motion, and we clarify that, while an award of costs to a prevailing

party pursuant to Rule 39 is customary, this Court retains discretion to deny costs when, in the

exercise of its discretion, it determines taxation is not appropriate.

---

* The Honorable Sidney H. Stein, of the United States District Court for the Southern
District of New York, sitting by designation.

Frank W. Miller**,** The Law Firm of Frank W. Miller, East Syracuse, NY, *for plaintiff-appellee.*

Catherine E. Stuckart, Binghamton, NY, *for defendants-appellants.*

PER CURIAM:

Defendants-cross-claimants-appellants Joseph A. Andreno, Kurt R. Palmer, and the County of Delaware (collectively, "appellants"), as prevailing parties before this Court, *see Moore v. Andreno*, 08-2426-cv, 2009 U.S. App. LEXIS 16452 (2d Cir. July 27, 2009), now move to recover costs incurred in litigating their appeal. *See* Fed. R. App. P. 39. Plaintiff-appellee Richard B. Moore has filed objections to that motion, contending principally that costs should not be imposed because Moore is "nearly destitute."

Because we find that equitable considerations militate against taxing costs against Moore, we deny appellants' motion. We write briefly to clarify that, while an award of costs to a prevailing party pursuant to Rule 39 is a customary and often routine procedure, this Court retains discretion to deny costs when, in the exercise of its discretion, it determines taxation is not appropriate.

## I.    Background

While the full factual and procedural history of this action has been comprehensively detailed by two panels of this Court, *Moore v. Andreno*, 505 F.3d 203, 205-07 (2d Cir. 2007); *Moore*, 2009 U.S. App. LEXIS 16452, at *1-7, we revisit that history here only insofar as it is relevant to the instant motion.

This action stems from a warrantless search of Moore's personal study conducted by appellants Andreno and Palmer, both Delaware County Deputy Sheriffs, in April 2002. That search uncovered evidence of drugs and drug paraphernalia which lead to Moore's indictment on several counts of possession of a controlled substance. *Moore*, 505 F.3d at 205-06. A state court subsequently suppressed that evidence and dismissed the indictment. *Id.* at 206-07.

Moore then initiated this action asserting claims pursuant to 42 U.S.C. §§ 1981, 1983, 1985 and state law. Appellants moved for summary judgment in their favor, contending that even if Moore's constitutional rights had been violated by the search, the Deputy Sheriffs were entitled to qualified immunity. The United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) denied that motion, but a panel of this Court reversed, finding that while appellants' search violated Moore's constitutional rights, those rights were not clearly established at the time of the violation. *Id.* at 214-16.

On remand, however, rather than entering judgment in appellants' favor, the district court entertained a new theory of Moore's case involving a different constitutional violation, one that Moore contended was clearly established at the time of the search. Appellants again moved for summary judgment, the district court again denied that motion, and this Court again reversed, finding that appellants were entitled to qualified immunity and the entry of judgment in their favor. *Moore*, 2009 U.S. App. LEXIS 16452, at *10.

Appellants now move to recover taxable costs pursuant to Rule 39 as the prevailing parties and have submitted a verified bill of costs to the Clerk of Court seeking reimbursement in the amount of $2,572.18. Moore filed timely objections to that bill of costs, *see* Fed. R. App. P. 39(d)(2), arguing that taxation would be unduly burdensome given his limited financial resources. Alternatively, Moore argues that an award of costs to appellants would improperly

chill future litigation of section 1983 claims, thereby preventing citizens such as Moore from seeking justice in the federal court system.

## II.  Discussion

Federal Rule of Appellate Procedure 39 governs the taxation of appellate costs, providing, as a general rule, that a party prevailing on appeal may recover costs from its adversary.  Pursuant to that Rule, a prevailing party seeking to recover allowable costs must file an itemized and verified bill of costs with the Clerk of Court.  Fed. R. App. P. 39(d)(1).  Before the Clerk may approve costs, however, Rule 39(d)(2) entitles an opposing party to file objections, and losing parties commonly object to specific costs they contend are not properly taxable.  *See, e.g.*, *Phansalkar v. Andersen, Weinroth & Co., L.P.*, 356 F.3d 188 (2d Cir. 2004); *Maida v. Callahan*, 148 F.3d 190 (2d Cir. 1998).  Moore's objections, however, are of a different variety.  Rather than challenging specific costs, Moore concedes the costs sought by appellants are allowable but instead seeks to avoid taxation altogether on equitable grounds.

While we have not had frequent occasion to address taxation pursuant to Rule 39 in any detail, we have previously found that a prevailing party is presumptively entitled to an award of costs.  *Furman v. Cirrito*, 782 F.2d 353, 354 (2d Cir. 1986); *see also* 20A James Wm. Moore *et al.*, *Moore's Federal Practice* § 339.20 (3d ed. 2008) ("In general, costs are awarded to the prevailing party and taxed against the losing party.").  As we have explained, an award of costs is the rule, not the exception, because costs are considered "an incident of judgment" rather than a "punitive measure."  *Furman*, 782 F.2d at 354.

Nonetheless, we have also observed that the Rule affords "wide discretion in the taxation of costs," including discretion to deny costs altogether.  *DLC Mgmt. Corp. v. Town of Hyde Park*, 179 F.3d 63, 64 (2d Cir. 1999).  That finding both comports with the plain language of the Rule

which provides for an award of fees "unless . . . the court orders otherwise," Fed. R. App. P. 39(a), and mirrors the findings of several other Circuit Courts of Appeals that have recognized the discretionary nature of Rule 39.  *See, e.g.*, *Tung Mung Dev. Co. v. United States*, 354 F.3d 1371, 1381-2 (Fed. Cir. 2004) ("[Rule 39] . . . leaves the awarding of costs to the discretion of the court . . . . No decision of the Supreme Court or of our own court requires that costs be routinely awarded to the prevailing party."); *Golden Door Jewelry Creations v. Lloyds Underwriters Non-Marine Ass'n*, 117 F.3d 1328, 1341 (11th Cir. 1997) ("Rule 39(a) places discretion in the appellate court."); *McDonald v. McCarthy*, 966 F.2d 112, 115 (3d Cir. 1992) ("In ordering that each party bear its own 'costs' this court was clearly and properly exercising its discretion under Rule 39(a)."); *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 800 F.2d 1256, 1266 (4th Cir. 1986) ("Under [Rule 39], an appellate court has wide discretion in the taxation of costs . . . ."); *Kelly v. Metro. County Bd. of Educ.*, 773 F.2d 677, 681 n.4 (6th Cir. 1985) ("While Fed. R. App. P. 39(a) sets forth general guidelines for the award of costs on appeal . . . it also allows the appellate tribunal wide discretion in reimbursing a party for its expenses.").

As a preliminary matter, we reaffirm that while an award of costs to a prevailing party is the norm and not the exception, Rule 39 nonetheless affords this Court discretion to deny costs even if otherwise properly taxable.  In exercising that discretion—which this Court has previously described as "equitable" in nature, *Furman*, 782 F.2d at 355—we look to many of the same factors that guide a district court's equitable discretion in awarding or denying costs pursuant to Fed. R. Civ. P. 54.  *Id*.  While we do not and need not compile an exhaustive list of those factors here, denial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues

presented, or its own limited financial resources. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (denying costs to prevailing party to "emphasize" the Court's disapproval of "[the prevailing party's] cavalier disregard of earlier proceedings in this case").

Exercising that discretion in light of the facts presented by this case, we determine that equitable considerations warrant denying appellants' request to recover costs. In particular, Moore's meager financial resources and his good faith prosecution of claims alleging government misconduct by appellants—misconduct significant enough to convince a state trial judge to suppress evidence and to lead a panel of this Court to find a constitutional violation—counsel in favor of requiring appellants to bear their own costs.

**III. Conclusion**

Accordingly, appellants' motion to recover costs pursuant to Rule 39 is denied.