# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 25, 2011

No. 10-10632
Summary Calendar

Lyle W. Cayce
Clerk

ROSSI WADE,

Plaintiff - Appellant

v.

WALTER PETERSON,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:09-CV-346

Before JONES, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff-appellant Rossi Wade appeals the district court's decision granting judgment as a matter of law, at the close of plaintiff's case, to defendant-appellee Walter Peterson. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10632

Wade's daughter was a student at Bernice Freeman Elementary School in Irving, Texas.[1] Proceeding *pro se*, Wade brought suit against the school and two individual defendants under 42 U.S.C. § 1983, asserting that Freeman school officials, including principal Walter Peterson, discriminated against her daughter on account of her race in violation of the Equal Protection Clause of the 14th Amendment. Specifically, Wade alleges that Peterson required her to prove her residency in that school district, and that this was not required of any non-African American parents. Wade seems to claim that she already had provided proof of her residency, and that she was the only parent who was being asked to prove residency on two separate occasions. As evidence, Wade states that three non-African-American parents had told her that they had not been required to provide the school with proof of residency. Wade also claims that the defendants made various racially insensitive comments about black children's scores on standardized tests and about black parents' lack of interest in their children's education.[2] Defendants denied any wrongdoing, and responded *inter alia* that all parents, regardless of race, were required to submit proof of residency in the district. Peterson stated further that he had cause to believe that Wade had moved out of the district.

The case was tried before a magistrate judge and jury with the parties' consent. Following plaintiff's case-in-chief, the magistrate judge granted the school district judgment as a matter of law, finding that Wade had not produced any evidence of disparate treatment or discriminatory intent to establish an Equal Protection violation. Costs were assessed against Wade pursuant to Federal Rule of Civil Procedure 54(d).

---

[1] The school is part of the Carrollton-Farmers Branch Independent School District.

[2] Wade made several additional claims that were summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

No. 10-10632

Proceeding *pro se* on appeal, Wade challenges the judgment and the cost assessment.  As to the first issue, Wade asserts that the district court did not grant enough time to present all of her evidence or to make her case properly. It is unclear whether she is actually objecting to the district court's rulings on defendants' motions in limine to exclude certain forms of inadmissible evidence from trial.  As to the cost assessment, Wade asserts that having recently lost her job, she is unable to pay costs.

We are unable to discern from her brief Wade's specific legal objections to the district court's decision to grant defendants judgment as a matter of law. Parties before this court must comply with the standards of Rule 28 of the Federal Rules of Appellate Procedure.  Accordingly, the appellant's brief must contain argument setting forth "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."   Fed. R. App. P. 28(a)(9)(A).   Here, Wade has listed a smattering of well-known Equal Protection cases but has not explained how they are relevant to her claims.  Although we liberally construe *pro se* briefs, such litigants must still brief the issues and reasonably comply with the standards of Rule 28 in order to preserve them.  *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007);  *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

Regardless of the deficiency of her specific legal arguments, we have reviewed pertinent parts of the record and agree with the district court that plaintiff did not produce at trial any admissible evidence of disparate treatment or discriminatory intent.

Wade objects also to the costs taxes against her.  Citing *Rivera v. City of Chicago*, 469 F.3d 631 (7th Cir. 2006), Wade claimed that she is excused from paying costs because she has been out of work since a car accident last March forced her into ongoing physical therapy.   She stated further that, before the

No. 10-10632

accident, she lost two undefined contracts due to the conduct of the Freeman school officials. *Rivera* is not binding law in the Fifth Circuit; in this circuit, courts may, but are not required to excuse a losing party from paying costs only if he brought suit in good faith <u>and</u> can demonstrate at least one of the five factors set forth in *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (listing "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources"). Wade offered no evidence to show how she might satisfy any of these factors, and so we consider the argument waived. *See United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992). Wade has not overcome Rule 54(d)'s "strong presumption that the prevailing party will be awarded costs." *Pacheco*, 448 F.3d at 793.

For these reasons, the judgment of the district court is **AFFIRMED.**