AXA VERSICHERUNG AG, on its own behalf and as successor in interest to Albingia Verischerungs AG, Plaintiff,

v.

NEW HAMPSHIRE INSURANCE COMPANY; American Home Assurance Company; and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendants.

No. 05 civ. 10180 (JSR).

United States District Court, S.D. New York.

March 7, 2011.

Joseph P. Cyr, Paul Bradford Ockene, Sean Thomas Keely, Hogan Lovells U.S. LLP, New York, NY, Joseph T. McCullough, IV, Robin C. Dusek, Freeborn & Peters LLP, Chicago, IL, for Plaintiff.

Stuart Edmund Cotton, David William Kenna, Kathleen M. Sullivan, Michael Barry Carlinsky, William Balden Adams, Mound Cotton Wollan & Greengrass, David Lawrence Elsberg, Quinn Emanuel Urquhart Oliver & Hedges LLP, New York, NY, for Defendant.

## ORDER

JED S. RAKOFF, District Judge.

By Order dated December 13, 2010, the Court entered final judgment in the above-captioned case for defendants, three subsidiaries of American International Group, Inc. (collectively, "AIG"), and against plaintiff AXA Versicherung AG ("AXA"). Following that Order, on January 11, 2011, the Judgment Clerk entered a Bill of Costs in favor of AIG for $210,557.06, which is significantly less than the $359,778.57 in costs requested by AIG. On January 21, 2011, both parties moved to modify the Bill of Costs. After carefully considering the parties' written submissions, the Court, for the reasons stated below, hereby grants AXA's motion to set aside the Bill of Costs in its entirety and correspondingly denies AIG's motion for taxation of the full amount of its requested costs.

In this action, AXA alleged that AIG fraudulently induced it to enter into two reinsurance facilities by concealing the fact that the facilities were intended as a means for AIG to unload unprofitable risks on reinsurers. Following a two-week trial, on February 6, 2008, a jury found in AXA's favor and awarded AXA compensatory damages of nearly $30 million. Moreover, the jury found that AIG's conduct was sufficiently wanton to warrant an additional award of $5,750,000 in punitive damages. As a part of its decision, the jury found that AXA could not with reasonable diligence have discovered AIG's misrepresentation until after December 2, 2003, and accordingly, that AXA's claims were not barred by the applicable statute of limitations.

AIG appealed, and the Second Circuit, by Summary Order dated August 23, 2010, vacated the jury's verdict on the basis that AXA's fraudulent inducement claim was barred by the statute of limitations as a matter of law. See AXA v. AIG, 391 Fed. Appx. 25 (2d Cir.2010). In particular, the Second Circuit found that "AXA was [put] on inquiry notice of the alleged fraud" by "storm warnings" it received in August of 1998, which, in the Court of Appeals' estimation, should have alerted AXA that it was being defrauded. Id. at 29–30, 31. The Second Circuit therefore remanded the case to this Court for entry of judgment in favor of AIG, id. at 31, which, as noted, was entered on December 13, 2010.

Under the Federal Rules, the prevailing party in an action is generally entitled to recover certain costs, unless "a court order provides otherwise." Fed. R.Civ.P. 54(d)(1). Taxable costs are available to the prevailing party "as of course," id., and therefore "the losing party has the burden to show that costs should not be imposed." Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir.2001). However, "[a]s a rule, a district court has broad discretion in awarding costs." L–3 Communications Corp. v. OSI Sys., Inc., 607 F.3d 24, 30 (2d Cir.2010); Wilder v. GL Bus Lines, 258 F.3d 126, 129 (2d Cir.2001) (Rule 54 "is phrased permissively ... because it permits a court to refuse to impose costs on the losing party at all.").

Courts in this Circuit have recognized several grounds upon which it is appropriate to deny costs to the prevailing party in an action. Key among these is the court's appraisal as to whether awarding costs would be "inequitable" or "unfair." See DLC Mgmt. Corp. v. Town of Hyde Park, 45 F.Supp.2d 314, 315 (S.D.N.Y. 1999). Courts have found that fairness requires each party to bear its own costs where, for example, the losing party can demonstrate misconduct on the part of the prevailing party, see Moore v. County of Delaware, 586 F.3d 219, 221 (2d Cir.2009), where the plaintiff acted in "good faith in bringing the action," Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.,

2010 WL 1780950, at *1 (S.D.N.Y. May 4, 2010), where the litigation was "complex and protracted," *McDonnell as Trustee v. Am. Leduc Petroleums, Ltd.,* 456 F.2d 1170, 1188 (2d Cir.1972), and where the action presented "close and difficult legal issues," *DLC Mgmt.,* 45 F.Supp.2d at 315.

 Here, the Court concludes that it would be inequitable to award costs to AIG in the circumstances of this case. In making this determination, the Court weighs heavily the fact that, after a two-week trial, a jury of twelve citizens unanimously found that AIG had defrauded AXA to such a deplorable extent that the conduct merited an award of punitive damages. While AIG's ultimately successful invocation of the statute of limitations defense on appeal rendered the jury's verdict legally nugatory, the decision to set aside a Bill of Costs under Rule 54 is an equitable one. *See Moore v. Delaware,* 586 F.3d 219, 221 (2d Cir.2009). As such, it is perfectly permissible for a court to incorporate all relevant considerations into its decision-making calculus on this matter. *See id.* (finding that the losing party's "meager financial resources" justifies setting aside costs in that action). The jury's unanimous determination that AIG defrauded AXA to the tune of nearly $30 million was only reversed on appeal because the Second Circuit found that AXA was "on inquiry notice" of the fraud outside the applicable limitations period. In such circumstances, it would be inequitable to impose costs on AXA.[1] *See, e.g., USM Corp. v. SPS Tech., Inc.,* 102 F.R.D. 167, 172 (N.D.Ill.1984) (refusing to award costs based on the Court's previous "findings of fraud and bad faith on the part of [the defendant]," even though the defen-

dant ultimately prevailed on appeal on the basis of *res judicata* ).

For the foregoing reasons, the Court hereby grants AXA's motion to set aside the Bill of Costs in its entirety and correspondingly denies AIG's motion seeking taxation of certain costs it was initially denied by the Judgment Clerk. The Clerk of the Court is directed to close documents numbered 178 and 181 on the docket of this case.

SO ORDERED.

---

**1.** The Court also weighs AXA's evident good faith in bringing its claims, as well as the relative complexity of the litigation those claims spawned—which is reflected in the case's five year time-span, the two-week length of the trial, and the Second Circuit's decision to remand the case for further findings and conclusions before ultimately ruling on the appeal.