DENNIS, Circuit Judge,
concurring in part and dissenting in part.
I concur in Parts II and III of the majority’s opinion, holding that the district court did not abuse its discretion by sanctioning Plaintiffs whom it found had repeatedly and -willfully violated discovery orders. I likewise join the majority’s conclusion in Part IV that the district court did not abuse its discretion by excluding the Plaintiffs’ testimony on damages, denying the untimely designation of an expert on damages, and ultimately granting summary judgment for CITGO. However, I respectfully dissent from Section V of the majority opinion because I believe the district court was well within its discretion to reduce CITGO’s cost award based on the circumstances of this case and the comparatively disparate financial resources of the parties.
I.
Pursuant to Federal Rule of Civil Procedure 54(d), a district court may award costs to a prevailing party. An appellate court reviews a district court’s cost award under a deferential abuse-of-discretion standard. Energy Mgmt. Corp. v. City of Shreveport, 467 F.3d 471, 483 (5th Cir.2006). A district court that denies or reduces a cost award to a prevailing party must articulate justifications for so doing. Id. (“[I]f the court does not award costs to the prevailing party, we require the district court to state its reasons.”) (quoting Salley v. E.I. DuPont de Nemours & Co., 966 F.2d 1011, 1017 (5th Cir.1992)).
In Pacheco v. Mineta, 448 F.3d 783 (5th Cir.2006), this court held that in conjunction with a finding that the non-prevailing party brought suit in good faith, district courts may consider various factors to determine what, if any, costs should be awarded to the prevailing party. The Pacheco factors include: “(1) the losing party’s limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party’s enormous financial resources.” Id. at 794 (citing 10 Charles Alan Wright & Arthur R. Miller, FedeRal Practice AND Procedure § 2668, at 234 (1998)). As noted by the majority, this Court in Pacheco explained in a footnote that the five enumerated factors were listed “only for the purpose of exposition. [We did not] decide whether any of these is a sufficient reason to deny costs.” Id. at 794 n. 18.
II.
After final judgment was entered in CITGO’s favor, CITGO filed a motion seeking costs of approximately $53,000. On November 26, 2012, the district court issued an opinion, awarding CITGO $5,000 in costs. The district court applied Pacheco and found that despite the discovery disputes in this case, there was no record evidence to conclude that Plaintiffs filed suit in bad faith. The court further found that although the issues were in dispute, they were- “neither novel or complex.” The district court then considered the resources of the parties, finding that CITGO has “enormous wealth” and that Plaintiffs *322 have “limited resources.” Because of the disparity in financial resources between the parties, the court found that the amount of costs “requested by CITGO would amount to an additional sanction, and is not appropriate.” Furthermore, the court noted, in its discussion of attorneys' fees, that four Plaintiffs had previously elected to dismiss their claims against CITGO rather than incur monetary sanctions. “Those Plaintiffs voluntarily elected dismissal of their claims, and as such avoided imposition of a monetary sanction .... The dismissal of their claims adequately addressed the proven discovery violations.”
III.
Looking to case law from four sister-circuits, the majority opinion concludes that “reducing or eliminating a party’s cost award based on its wealth — either relative or absolute — is impermissible as a matter of law.” I respectfully disagree that a consideration of the parties’ financial resources is impermissible as a matter of law. Rather, our very own case law under Pacheco, the text of Federal Rule of Civil Procedure 54(d)(1), as well as persuasive case law from three sister-circuits suggest otherwise.
First, this court in Pacheco indicated that a comparative wealth analysis may be a proper means for reducing or denying costs to the prevailing party. After Pacheco was announced, this court and district courts in our circuit have adopted these five factors as instructive in guiding the district court’s discretion in assigning costs. See, e.g., Wade v. Peterson, 416 Fed.Appx. 354, 356 (5th Cir.2011) (“[I]n this circuit, courts may, but are not required to excuse a losing party from paying costs only if he brought suit in good faith and can demonstrate at least one of the five factors set forth in Pacheco v. Mineta, 448 F.3d 783, 794 (5th Cir.2006).... ”); Frischhertz v. SmithKline Beechan Corp., No. 10-2125, 2013 WL 3894021 (E.D.La. July 26, 2013) (finding that “[i]f the court excuses the losing party from paying costs, it must explain its reasons for doing so. In order to do so, the litigant must have brought their claim in good faith and be able to demonstrate at least one of five factors, discussed below.” (citing Pacheco, 448 F.3d at 794) (citation omitted)).
Second, as noted by the majority opinion, Federal Rule of Civil procedure 54(d)(1) states: “Unless a federal statute, the [Federal Rules of Civil Procedure], or a court order provides otherwise, costs— other than attorney’s fees — should be allowed to the prevailing party.” Relying on the reasoning of a Fourth Circuit opinion, the majority suggests that the plain language of the Rule establishes a strong presumption in favor of awarding costs, and thus district courts should not be permitted to decline to award costs on the basis of the relative — wealth exception. Although I do not dispute that the text of the Rule presumes that costs will be awarded to prevailing parties, the majority cannot ignore that the Rule also expressly contemplates that a court may simply order otherwise. Given the explicit discretion granted to district courts by the Rule, I fail to see how we can read into it a prohibition against considering the parties’ financial means.
Third, the majority misleadingly asserts that the “great weight of authority from the federal circuits” compels the conclusion that a comparative — wealth analysis is impermissible as a matter of law. As the majority notes, the Third, Fourth, Sixth, and Eleventh Circuits reject a comparative — wealth analysis in assessing costs. See Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir.2000); Cherry v. *323 Champion Int’l Corp., 186 F.3d 442, 448 (4th Cir.1999); Smith v. Se. Penn. Transp. Auth., 47 F.3d 97, 99-100 (3d Cir.1995); White & White, Inc. v. Am. Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir.1986). However, the Second, Eighth, and Ninth Circuits expressly permit consideration of the comparative-wealth of the parties. See Moore v. Cnty. of Del., 586 F.3d 219, 221-222 (2d Cir.2009) (“While we do not and need not compile an exhaustive list of those factors here, denial of costs may be appropriate where a losing party can demonstrate misconduct by a prevailing party, the public importance of the case, the difficulty of the issues presented, or its own limited financial resources.”) (emphasis added); Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir.2003) (“We have previously approved as appropriate reasons for denying costs: (1) a losing party’s limited financial resources; (2) misconduct by the prevailing party; and (3) ‘the chilling effect of imposing ... high costs on future civil rights litigants.’ ”) (emphasis added) (alteration in original); Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir.1983) (“The district court’s order indicates that the trial judge considered Cross’s limited financial resources! ].... In so doing, the district court did not abuse its discretion.”); see also Poe v. John Deere Co., 695 F.2d 1103, 1108 (8th Cir.1982) (“It is of course within a court’s discretion to deny costs because a plaintiff is poor or for other good reason! ] ■... ”). Thus, there is no “great weight of authority,” as the majority contends. Rather, whereas four circuits reject the comparative — wealth analysis, three permit it, and, additionally, two sister circuits allow for a narrow indigency exception for costs.[1]
Moreover, I fear that the majority’s rule will prohibit district courts from considering the relative wealth of the parties, consequently chilling potential bona fide claims by plaintiffs who lack disposable income. See, e.g., Ass’n of Mex.-Am. Educators v. California, 231 F.3d 572, 593 (9th Cir.2000) (“[Djivesting district courts of discretion to limit or to refuse such overwhelming costs in important, close, but ultimately unsuccessful civil rights cases like this one might have the regrettable effect of discouraging potential plaintiffs from bringing such cases at all”).
IV.
The district court here did not abuse its discretion when it applied the language from Fifth Circuit precedent to reduce CITGO’s costs. As noted, the district court found that there was no evidence to suggest that the suit was not brought in good faith, and thus went on to apply the Pacheco factors, comparing the great economic wealth of CITGO — a large corporation with over nine billion dollars of assets — with the comparatively limited resources of the losing Plaintiffs. The court further justified its reduction of fees and costs by explaining that substantial sanctions were already imposed upon the Plaintiffs in the form of dismissals and exclusion of testimony and that, therefore, any additional sanction in the form of costs or fees, imposed upon *324 these Plaintiffs of modest means, would have been unjust. Furthermore, the court reasoned that four Plaintiffs had voluntarily elected to avoid monetary sanctions in favor of dismissal, and thus should not be straddled with both dismissal of their claims and additional costs.
Accordingly, I would affirm the district court’s reduced cost award, and dissent from the majority’s contrary opinion.

. The Seventh and Tenth Circuits allow for a narrowly construed indigency exception, permitting district courts to deny costs when the non-prevailing party presents sufficient evidence of indigency. Johnson v. Okla. ex rel. Univ. of Okla. Bd. of Regents, 229 F.3d 1163 (10th Cir.2000) (unpublished); Corder v. Lucent Tech. Inc., 162 F.3d 924, 929 (7th Cir.1998). Although the indigency exception is distinct from a comparative — wealth analysis, I believe the Seventh and Tenth Circuit case law on this issue is relevant for this discussion in that it indicates that these circuits are likewise willing to address the parties’ limited financial resources in determining cost awards.