21-1775
*Scripts Wholesale, Inc. v. Mainspring Distrib. LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand twenty-two.

PRESENT:
        RICHARD J. SULLIVAN,
        EUNICE C. LEE,
        MYRNA PÉREZ,
           *Circuit Judges.*

_____

SCRIPTS WHOLESALE, INC., LIEB PHARMACY, INC.,

        *Plaintiffs-Appellants,*

        v.                                 No. 21-1775

MAINSPRING DISTRIBUTION LLC, EDVIN OVASAPYAN,

        *Defendants-Appellees.*

_____

| | |
|---|---|
| **For Appellants:** | Michael Korsinsky and Marc Illish, Korsinsky & Klein, LLP, Brooklyn, NY. |
| **For Appellees:** | Jason Canales, Canales PLLC, Southold, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **REVERSED** and the case is **REMANDED.**

Plaintiffs-Appellants Scripts Wholesale, Inc. ("Scripts") and Lieb Pharmacy, Inc. ("Lieb Pharmacy") appeal from an order entered on July 13, 2021, in the United States District for the Eastern District of New York, dismissing their action with prejudice for lack of subject matter jurisdiction. Where a district court dismisses an action for lack of subject matter jurisdiction, "we review factual findings for clear error and legal conclusions *de novo.*" *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Scripts commenced this action on November 19, 2018, against Defendants-Appellees Mainspring Distribution LLC ("Mainspring") and Edvin

Ovasapyan, asserting breach of contract and other state-law claims.[1] The amended complaint invoked diversity jurisdiction under 28 U.S.C. § 1332, alleging that complete diversity between the parties existed because both Scripts and Lieb Pharmacy (which had been added as a plaintiff) are New York corporations with their principal places of business in New York, while Mainspring is a Pennsylvania limited liability company with its principal place of business in Pennsylvania, and Edvin is a resident of California. In their answers to the amended complaint, Defendants did not contest diversity jurisdiction, acknowledging that "no plaintiff appears to be a citizen of the same state as any defendant." App'x at 39, 48.

After the close of discovery, however, the district court sua sponte raised concerns that it lacked subject matter jurisdiction over the action because Plaintiffs had not alleged the citizenship of each member of Mainspring.[2] The district court therefore ordered Mainspring to file an affidavit attesting to the citizenship of each of its members. In response, Defendants submitted an affidavit stating that Mainspring had only two members: Vahe Ovasapyan and Ria Phillips. Phillips

---

[1] To avoid confusion, the Court will refer to brothers Edvin Ovasapyan (a named defendant) and Vahe Ovasapyan (a member of Mainspring) by their first names.

[2] For purposes of determining diversity jurisdiction, a limited liability company "takes the citizenship of each of its members." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

was a Pennsylvania citizen. But Defendants averred that Vahe was a citizen of New York, which, if true, would destroy complete diversity.

Plaintiffs argued that Vahe was in fact a citizen of Pennsylvania and requested limited discovery into that issue, which the district court granted. Plaintiffs thus focused their discovery on the citizenship of Vahe – the only person whose citizenship was then in dispute – and obtained evidence that, soon before the filing of the complaint, Vahe had purchased a house in Pennsylvania and obtained a Pennsylvania driver's license. Following the close of jurisdictional discovery, however, the district court sua sponte raised a new issue unrelated to Vahe's citizenship and directed Plaintiffs to set forth "the *citizenship*, as opposed to the residence, of Defendant *Edvin* Ovasapyan."[3] *Id.* at 10 (first emphasis in original; second emphasis added).

In response, Plaintiffs provided the following evidence in support of Edvin's California citizenship: (1) a criminal indictment filed against Edvin in the Northern District of California on November 1, 2018 – a couple weeks before this complaint was filed – confirming Edvin's residency in California; and (2) a

---

[3] Given Defendants' equivocal statements and nondenials about Edvin's citizenship, the district court might have resolved the issue by directing Edvin to submit an affidavit, under penalty of perjury, indicating where he was domiciled at the time the complaint was filed. *See, e.g., Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997) (ordering the parties "to submit additional affidavits regarding the plaintiff's domicile and the defendant's state of incorporation").

declaration submitted by Edvin in a separate civil matter in which he had stated that on April 10, 2019 – less than five months after this complaint was filed – he was a citizen of California.[4] Plaintiffs also provided their newly obtained evidence that Vahe was a citizen of Pennsylvania. In their response to Plaintiffs' submission, Defendants contested only Vahe's citizenship; as to Edvin, they merely stated that he "was not a citizen of the State of New York" and that Plaintiffs had not "appropriately alleg[ed]" Edvin's citizenship. *Id.* at 419.

The district court concluded that Plaintiffs had presented sufficient evidence that, as of the date this action commenced, Vahe was a citizen of Pennsylvania and therefore Plaintiffs were completely diverse from Mainspring. Nevertheless, it dismissed the complaint for lack of subject matter jurisdiction because, in its view, Plaintiffs had failed to establish Edvin's citizenship. The district court noted that the amended complaint alleged only that Edvin was a resident – but not a citizen – of California, and that the other documents proffered by Plaintiffs did not establish that Edvin was a citizen of California on the date the complaint was filed. It therefore concluded that "Edvin's domicile remains unknown" and that he was,

---

[4] The affidavit was submitted by Edvin in the matter of *Paymentech, LLC, et al. v. Mainspring Distrib. LLC, et al.*, 1:19-cv-02087 (DLI), which was also before Judge Irizarry.

5

in effect, "stateless." Sp. App'x at 10. The district court then dismissed the complaint with prejudice.

The district court clearly erred. First, even if the district court lacked subject matter jurisdiction, the complaint should not have been dismissed with prejudice. "[W]hen a case is dismissed for lack of federal subject matter jurisdiction, Article III deprives federal courts of the power to dismiss the case with prejudice." *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 121 (2d Cir. 2017) (internal quotation marks and alterations omitted). Thus, where – as here – a case is dismissed for lack of subject matter jurisdiction, "that disposition cannot be entered with prejudice, and instead must be dismissed *without prejudice*." *Id.* (emphasis in original).

More fundamentally, the district court erred in concluding that Plaintiffs had failed to establish Edvin's citizenship and that Edvin was therefore "stateless." While it is true that an allegation of "residence alone is insufficient to establish domicile for jurisdictional purposes," *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019), the district court was presented with far more than residency alone. In his two answers, Edvin admitted to being a California resident, "admit[ed] [the district] [c]ourt has federal diversity jurisdiction over this matter," App'x at 24, and stated that "no plaintiff appears to be a citizen of the same state as any defendant," *id.* at 39. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 324

6

(2d Cir. 2001) (explaining that a pretrial admission of diversity "may well establish a prima facie showing of diversity"). Moreover, in responding to the district court's sua sponte request, Plaintiffs also submitted evidence of a criminal indictment confirming Edvin's residency in California several weeks before the filing date, along with a declaration by Edvin stating that he was a California citizen on April 10, 2019, less than five months after the filing date of the initial complaint. Finally, and most significantly, Edvin has never claimed to be a citizen of any state other than California and has offered no countervailing evidence that his "true fixed home" was in any other state. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000); *see also Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 243 (2d Cir. 1984) ("The nature of domicile . . . is such that a person has one at all times.").

Considering this record as a whole, all of which was before the district court at the time of its ruling, we conclude that Plaintiffs met their burden of establishing that Edvin was a citizen of California on November 19, 2018.[5] And because the existence of diversity jurisdiction hinged on whether Plaintiffs and Edvin were completely diverse, we further conclude that the district court had subject matter

---

[5] Indeed, any doubt on this matter was caused not by a genuine dispute over Edvin's citizenship, but by Defendants' blatant gamesmanship.

7

jurisdiction over this action. We therefore reverse the district court's order of dismissal and remand so the case may proceed on the merits.

Plaintiffs also request that a new judge be assigned on remand due to the "apparent animus" of the current district judge. Scripts Br. at 19. But reassignment to a different district judge on remand is justified only in "unusual circumstances," *L.S. v. Webloyalty.com, Inc.*, 954 F.3d 110, 118 (2d Cir. 2020) (internal citation omitted), where "the facts might reasonably cause an objective observer to question the judge's impartiality," *United States v. Quattrone,* 441 F.3d 153, 192 (2d Cir. 2006) (internal quotation marks and alterations omitted). Here, there is no indication from the record that the district judge bore hostility toward any party or that reassignment is necessary to preserve even the appearance of justice. *See, e.g.*, *Webloyalty.com*, 954 F.3d at 118. The Court therefore declines Plaintiffs' request for reassignment.

Finally, we hold that Defendants shall bear the costs of this appeal. *See* Fed. R. App. P. 39(a)(3); *see also City of San Antonio v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1634 (2021) ("Rule 39 gives discretion over the allocation of appellate costs to the courts of appeals."); *Moore v. City of Delaware*, 586 F.3d 219, 221 (2d Cir. 2009) ("Rule [39] affords wide discretion in the taxation of costs.") (internal quotation marks omitted). While the Court acknowledges that the district court's dismissal

8

of the complaint was sua sponte, the reality is that Defendants intentionally delayed this litigation at every turn.  Even on appeal – having no plausible argument that Edvin is domiciled anywhere other than California – they maintain the frivolous position that Edvin's citizenship is simply unknown.

We have considered Defendants' remaining arguments and find them to be meritless.  Accordingly, we **REVERSE** the district court's judgment of dismissal and **REMAND** the case to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court