Filed 10/28/24



| VERMONT SUPERIOR COURT | CIVIL DIVISION |
|---|---|
| Rutland Unit | Case No. 24-CV-01714 |
| 83 Center St | |
| Rutland VT 05701 | |
| 802-775-4394 | |
| www.vermontjudiciary.org | |

---

CWS Investments, Inc. v. William Dydo, Jr.

---

## ENTRY ORDER

On October 16, 2024, Plaintiff moved for default judgment on their claim for foreclosure of a judgment lien. As part of the motion, Plaintiff requested a clerk's accounting of amounts due from Defendant. The request for accounting was supported by a filing entitled "Affidavit of Attorney's Expenses," to which was attached an exhibit allegedly showing an itemized list of discrete expenditures—describe by type or purpose of expenditure, amount, and date—which Plaintiff claimed were allowable or should be found by the clerk in its accounting of amounts due. On October 17, 2024, the Court granted the motion for default on the foreclosure claim, but construed the claim for "attorney's expenses" as not one for "[c]osts other than attorneys' fees," V.R.C.P. 54(d)(1), but rather, as a claim for "attorneys' fees . . . and related nontaxable expenses," V.R.C.P. 54(d)(2). Finding that Plaintiff had failed to "specify the judgment and statute, rule or other grounds entitling the moving party to the award" of attorneys' fees and related nontaxable expenses, V.R.C.P. 54(d)(2)(B), the Court denied Plaintiff's request for an accounting to the extent it sought an allowance of attorneys' fees and related nontaxable expenses.

On October 17, 2024, Plaintiff submitted a new filing, entitled "Renewed Affidavit of Attorney's *Costs*" (emphasis added).[1] The filing is supported by the same exhibit listing itemized expenditures, but which Plaintiff now clarifies should be considered allowable "costs." Indeed, Plaintiff clarifies in its Renewed Affidavit that "Plaintiff is not requesting attorney's fees for this action, . . . [but] Plaintiff should be entitled to costs."[2] The total amount of the claimed costs is $1,108.60, and Plaintiff avers that they "were necessary expenses to effectuate this foreclosure action."

Rule 54 provides that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party, *as provided by statute and by these rules*, unless the court otherwise specifically directs." V.R.C.P. 54(d)(1) (emphasis added). Whether claimed costs are authorized "as provided by statute and by these rules" is a question of law that the Court would have discretion to review *de novo*. *Cf. Whitfield v.*

---

[1] Plaintiff did not move to reconsider the Court's October 17, 2024 decision. Instead, Plaintiff simply filed a renewed affidavit. For the purposes of judicial economy, the Court construes this filing as a motion to reconsider.

[2] Rule 80.1 of the Vermont Rules of Civil Procedure, which governs claims for foreclosure of mortgages or of judgment liens, provides that a plaintiff may claim reasonable attorney's fees as part of a judgment of foreclosure when recovery of such fees are allowed "under a mortgage or instrument of indebtedness." V.R.C.P. 80.1(f). Plaintiff points to no such instrument applicable in this case, concerning a foreclosure of a judgment lien, that specifically allows the prevailing party to recover attorney's fees.

*Scully*, 241 F.3d 264, 269 (2d Cir. 2001) (district court "exercises its own discretion to 'decide the cost question [it]self,'" and whether court "has the authority to award costs presents a question of law subject to *de novo* review" on appeal (quoting *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964)), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016).

The fact that Defendant has failed to appear and presumably will not appear to object to Plaintiff's claim for costs, as well as the fact that Defendant has been adjudicated liable on the underlying claim for foreclosure, do not negate the Court's authority or obligation to ensure that any costs allowed and included in the decree of foreclosure are proper as a matter of law. A defaulted defendant "is deemed to have admitted only the well-pleaded allegations of *fact* contained in the complaint," and "is not deemed to have admitted conclusions of *law* and the entry of 'default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.'" *J & J Sports Prods., Inc. v. Romenski*, 845 F. Supp. 2d 703, 705 (W.D.N.C. 2012) (emphasis added; quoting, with citations omitted, *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)); *see* 10A M.K. Kane, et al., *Fed. Prac. & Proc. Civ. (Wright & Miller)* § 2688.1 (4th ed., June 2024 update) at n.11 & related text (same; citing *Romenski* and numerous other cases); *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The [defaulting] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." (citing *Thomson v. Wooster*, 114 U.S. 104, 113 (1884)).

Applying such principles here means that, although Defendant has been adjudicated liable on the underlying claim for foreclosure, and has admitted to the well-pled facts as set forth in the complaint and in Plaintiff's Rule 55(c)(1) affidavits, Defendant has not admitted or confessed to his *liability* for Plaintiff's claimed costs. A defaulting defendant cannot admit to conclusions of law, which conclusions must be made by the Court, and the grant of default judgment did not adjudicate the Defendant liable for the "costs" claimed by Plaintiff. Accordingly, the Court must determine the legal question. Given Defendant's non-appearance and lack of objections, Court will proceed on the presumption that the well-pled *facts* set forth in Plaintiff's Renewed Affidavit and the accompanying exhibit are admitted. The Court will deem admitted, and accept as true and accurate, Plaintiff's descriptions of the purposes or types of expenditures, and Plaintiff's assertions that they were actually incurred or borne by Plaintiff (or its attorneys, on Plaintiff's behalf) in the various amounts stated.

Turning to the merits, the range of litigation expenditures that may be allowed as recoverable costs is far narrower than Plaintiff claims. The Vermont Supreme Court has held:

> The term "costs" has a plain and well-established meaning in the context of a civil action for damages. Rule 54 provides that "[c]osts other than attorneys' fees shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs." V.R.C.P. 54(d)(1). By statute, the prevailing party is entitled to recover filing fees, service fees, and "witness fees" of $30 per day for attendance before a court or at a deposition, plus mileage for in-state travel. 32 V.S.A. §§ 1471(a), 1551, 1553. Additionally, the court may in its discretion award deposition fees and mediation fees as costs. See V.R.C.P. 54(g) (permitting court to award costs incurred in taking of reasonably necessary depositions); V.R.C.P. 16.3(c)(1)(C) (giving court discretion to award mediation fees to prevailing party).

*Epsom v. Crandall*, 2019 VT 74, ¶ 35, 211 Vt. 94.[3]  Thus, in *Epsom*, a case for damages for timber trespass under 13 V.S.A. § 3606, the Supreme Court affirmed the trial court's decision awarding the prevailing plaintiffs their filing fees, deposition costs, and mediation fees, but denying their request for other costs, including copying costs, postage fees, surveyor's fees, and expert witness fees.

As for Rule 80.1(f), which pertains exclusively to foreclosure actions, including actions to foreclose on a judgment lien, *see* V.R.C.P. 80.1(*l*), the Court finds no separate or supplemental definition of allowable costs, or any other terms within the Rule that would authorize an award of costs in addition to or different than those authorized under the statute and the rules identified above.

The federal rules also have some bearing on this issue since V.R.C.P. 54(d) "is based on both Maine Rule of Civil Procedure 54 and Federal Rule of Civil Procedure 54." *Murphy*, 2014 VT 25, ¶ 49 (citing Reporter's Notes, V.R.C.P. 54).  Significantly, federal courts hold that the scope of costs authorized, or subject to allowance, under Rule 54(d)(1) of the Federal Rules of Civil Procedure are quite limited.  *See Whitfield*, 241 F.3d at 269 (the phrase "costs other than attorneys' fees" in Rule 54(d)(1) means "only the specific items enumerated in 28 U.S.C. § 1920" (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987)).[4]  As explained in the Wright & Miller treatise:

> Although "costs" has an everyday meaning synonymous with "expenses," the concept of taxable costs under Rule 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigant. . . .
>
> [C]osts are expenses but by no means constitute all of them.  For example, absent a special statute or an exceptional exercise of judicial discretion, items such as attorney's fees, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs.  These expenses must be borne by the litigants.

10 M.K Kane, et al., *Fed. Prac. & Proc. Civ.* § 2666 (4th ed.).

Thus, allowable "costs" in a civil action are limited to the specific items of expenditure that are *expressly* enumerated in statute (32 V.S.A. §§ 1471(a), 1551), or in the Civil Rules (*e.g.*, Rules 54(g) (deposition costs), 54(f) (trustee process costs) 16.3(c)(1)(C) (mediation fees), or 68 (costs incurred by offeror after offer of judgment)).  As Justice Dooley has stated, allowable costs in a civil case are "basic

---

[3] Entitled "Taxation of costs," 32 V.S.A. § 1471(a) provides as follows: "There shall be taxed in the bill of costs to the recovering party in the Supreme and Superior Courts or the Judicial Bureau a fee equal to the entry fees, the cost of service fees incurred, and the total amount of the certificate of witness fees paid."  Witness fees compensate a witness for "attendance before a court," *id.* § 1551(1), as well as for the witnesses' travel-related costs within Vermont, *id.* §§ 1551(4), 1553, and "do not include compensation for the services of the witness." *Town of Milton Bd. of Health v. Brisson*, 2016 VT 56, ¶ 43 n.4, 202 Vt. 121 (Dooley, J., dissenting).

[4] 28 U.S.C. § 1920 lists six discrete categories of taxable costs, including "[f]ees of the clerk and marshal." 28 U.S.C. § 1920(1).  That category encompasses court filing fees, as well as fees for service of process, which the Second Circuit and other circuits have construed as authorizing fees for private process servers (though not at amounts above the marshal's fees for serving process under statute). *See United States for the use and benefit of Evergreen Pipeline Constr. Co. v. Merritt Meridian Const. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996).

costs." *Brisson*, 2016 VT 56, ¶ 43 (Dooley, J., dissenting); *accord* Reporter's Notes, V.R.C.P. 54 ("Except for the provisions of Rule 54(f), (g), for trustee cases and depositions, most items of costs are statutory. See 32 V.S.A. § 1471.")).

Given those limitations, the majority of the expenses claimed by the Plaintiff are not "costs" within the meaning of the rule. The only expenses claimed by the Plaintiff that meet the definition of "costs" are as follows:

(1) "Complaint filing fee" on 5/1/24 in the amount of $317.93.
(2) "Rutland Sheriff service" on 8/6/24, in the amount of $81.95.
(3) "APS service" on 6/21/24, in the amount of $187.50.

With regard to third item, the Court construes it as amounts paid to a private process server for attempted efforts to serve process on the Defendant in New York state. *See* Pl.'s Mot. for Extension of Time To Serve Defendant (filed June 26, 2024), at ¶¶ 4-5 (indicating that Plaintiff hired a process server to perform service at Defendant's "address of record" in Whitehall, New York, and learned from the server's efforts that Defendant no longer resided in Whitehall but likely resided at the subject premises in Rutland). Because the private process server assisted Plaintiff in finally effectuating service on Defendant in August of 2024, via the Rutland County Sheriff's Office, the private server's costs may be awarded, in addition to the Sheriff's costs.

Notably, however, the "Sheriff's retainer fee" for $100.00 is not case-specific, and this Court is unaware of a flat "retainer fee" as prerequisite to enlisting the Rutland County Sheriff's Office to serve civil process in a particular case. Thus, that cost is not awardable to plaintiff. Additionally, expenses for FedEx, certified mailings, certified copies of court documents, and fees for recording documents within municipal land records, are not awardable costs. *See Epsom*, 2019 VT 74, ¶ 35; 32 V.S.A. § 1471(a). The cost for "Title update," which the Court construes as the cost of performing an updated title search with regard to the subject property, is also not legally authorized. Such costs either fall within the scope of "attorneys' fees . . . and *related* nontaxable expenses," V.R.C.P. 54(d)(2), or are akin to "surveyor's fees," which were disallowed in *Epsom.* Finally, the descriptor "Accurint" is not a cognizable term or expense, and thus an authorized cost.

Because Rule 54(d)(1) states that legally authorized costs "shall be allowed as of course," the award of legally authorized costs against the losing party "is the normal rule . . . not an exception." *Whitfield*, 241 F.3d at 270. The Court still retains discretion to deny an award of authorized costs on equitable grounds, but "the losing party has the burden to show that the [authorized] costs should not be imposed[.]" *Id.*; *see Fortunati v. Campagne*, No. 1:07-cv-143-jgm, 2013 WL 2322958, at *2 (D. Vt. May 28, 2013) ("If awarding costs 'would be inequitable or unfair,' a court may decline to do so." (quoting *AXA Versicherung AG v. N.H. Ins. Co.*, 769 F. Supp. 2d 623, 625 (S.D.N.Y. 2011)); V.R.C.P. 54(d)(1) (costs other than attorneys' fees "shall be allowed "as of course . . . *unless the court otherwise specifically directs*" (emphasis added)). Here, given Defendant's failure to appear and make the case for denying costs on equitable grounds, the presumption in favor of awarding costs is unrebutted. Further, as noted above, Defendant's failure to appear and object means that the amounts claimed to have been incurred by Plaintiff are admitted as a factual matter. Thus, the three expenses noted above shall be included in the clerk's accounting as costs.

## Order

The clerk shall prepare an accounting consistent with this opinion.

Electronically signed on October 28, 2024 pursuant to V.R.E.F. 9(d)

_Alexander N. Burke_

Alexander N. Burke
Superior Court Judge